[No. 143. Decided May 29, 1891.]

NORTHERN PACIFIC RAILROAD COMPANY v. MORTON R. HESS AND KATE HESS.

RAILROADS — ACCIDENTS TO PASSENGERS — NEGLIGENCE — INSTRUCTIONS — PLEADING.

In an action by a passenger for injuries received from the falling of an upper berth in a "free emigrant car" while she was away from her seat warming herself at the stove, it is not necessary for her to plead and prove the necessity for leaving her seat, as contributory negligence is a matter for the defense to establish.

Where plaintiff testified she thought it was a brakeman who raised the berth which afterward fell and crushed her fingers, and letters written by her to the company soon after the accident were put in evidence, in one of which she said she was injured through the negligence of an employé of the company, and in another she stated that it was a newsboy who raised the berth, there was sufficient evidence to sustain a verdict for plaintiff, as the jury might have believed from her testimony that it was a brakeman who negligently raised the berth. (STILES, J., and ANDERS, C. J., dissent.)

Although an instruction, standing alone, may be erroneous, yet it cannot be complained of, if the instructions, taken as a whole, fairly state the law applicable to the facts.

Where the complaint contains an allegation that plaintiff has been compelled to pay a certain sum for medical treatment and nursing, evidence thereof is admissible, without being pleaded as a distinct cause of action.

*Appeal from Superior Court, Lincoln County.*

The facts are fully stated in the opinion.

*Mitchell, Ashton & Chapman,* and *N. T. Caton,* for appellant.

There appears no allegation in the complaint of a necessity or excuse for plaintiff, Kate Hess, leaving her seat. This is a material allegation, and testimony on that point, in the absence of such allegation, is clearly inadmissible. *Tucker v. Parks,* 7 Col. 62; *Mayor v. Cunliff,* 2 N. Y. 165. The matters of pain, sickness, medical services, medicines, nursing, etc., without regard to exact value, amount or extent, are matters that may be considered by a jury in arriving at a verdict where the demand is for damages generally, but when special damages are claimed by the proof, it must be in a case where amount or value is specifically alleged in the complaint. We take the true rule to be this: When damages which are the natural consequences of an act are sought to be recovered they must be specially alleged in the complaint. *Low v. Archer,* 12 N. Y. 277; *Taylor v. Monroe,* 43 Conn. 36; *Rice v. Coolidge,* 121 Mass. 393 (23 Am. Rep. 279); *Nunan v. City of San Francisco,* 38 Cal. 689; *Bristol Mfg. Co. v. Gridley,* 28 Conn. 201; *Jesse v. Shuck,* (Ky.) 12 S. W. Rep. 304; *Street Ry. Co. v. Ware,* 84 Ky. 267 (1 S. W. Rep. 495). And this is so for the reason that defendant has a right to prepare himself with proof to rebut plaintiff's proof as to the amount and extent of such damages. *Shaw v. Hoffman,* 21 Mich. 151.

*Blevins & Neal,* and *H. J. Snively,* for appellees.

Contributory negligence is a matter of defense. *Louisville, etc., Canal Co. v. Murphy,* 9 Bush, 522; *Paducah,*

*etc., R. R. Co. v. Hoehl*, 12 Bush, 41; *Hackford v. Railroad Co.*, 6 Lans. 381; *Railroad Co. v. Pointer*, 14 Kan. 37; *Robinson v. Railroad Co.*, 48 Cal. 409; *Railroad Co. v. Gladmon*, 15 Wall. 401; *Urquhart v. Ogdensburg*, 23 Hun, 75; *Lopez v. Mining Co.*, 1 Ariz. 464; *Hocum v. Weitherick*, 22 Minn. 152; *Conroy v. Oregon Construction Co.*, 5 West Coast Rep. 773. The cost of medicine, medical treatment, nursing, and all reasonable expenses incurred by the plaintiff by reason of the injuries complained of, are recoverable under a general allegation of damages. *Chicago, etc., R. R. Co v. Wilson*, 63 Ill. 167; *Sheehan v. Edgar*, 58 N. Y. 631; *Goodno v. Oshkosh*, 28 Wis. 300; *Folsom v. Underhill*, 36 Vt. 581; *Klein v. Thompson*, 19 Ohio St. 569. It is the duty of carriers of passengers for hire to exercise extraordinary care and caution, foresight and skill to preserve the safety of passengers — to equip its cars with safe and sufficient seats, berths and appliances. *Moore v. Des Moines, etc., Ry. Co.*, 69 Iowa, 491 (30 N. W. Rep. 51, and note at p. 53); *Sales v. Western Stage Co.*, 4 Iowa, 547; *Bonce v. Dubuque St. Ry. Co.*, 53 Iowa, 278 (36 Am. Rep. 221); *Raymond v. Burlington, etc., Ry. Co.*, 65 Iowa 152 (21 N. W. Rep. 495); *Fay v. Davidson*, 13 Minn. 523; *Stokes v. Saltonstall*, 13 Pet. 181; *Louisville, etc., Co. v. Thompson*, 107 Ind. 442 (57 Am. Rep. 120; 8 N. E. Rep. 18); *Railroad Co. v. Herbert*, 116 U. S. 651; *Treadwell v. Whittier*, 80 Cal. 574 (13 Am. St. Rep. 175; 22 Pac. Rep. 266); *Steamboat New World v. King*, 16 How. 469. The falling of a berth in a sleeping-car is *prima facie* negligence. *Railroad Co. v. Walrath*, 38 Ohio St. 461 (43 Am. Rep. 433).

The opinion of the court was delivered by

SCOTT, J.—Appellee was a passenger from St. Paul to Sprague on one of appellant's cars, which was one of a class known as "free emigrant cars;" and during the passage she was injured by the falling of an upper berth while away from her seat, and standing by the stove. Just before she

left her seat at that particular time, some person passed
through the car and raised the upper berth nearest to the
stove, but did not push it up far enough so that the fasten-
ings caught or locked.    The berth might remain in such a
position temporarily, but would be in constant danger of
falling.    The fastenings of such berths were so arranged as
to be further secured by locking with a padlock.    As to
whether it was customary to keep them so locked when
raised, was not shown, but this one was not locked in this
way at the time.    The conductor testified, however, that if
the berth had been pushed up high enough for the fasten-
ing to catch it could not have fallen.    Appellee testified that
she left her seat and went to the stove, and that while stand-
ing there the train started, giving a quick jerk; that she put
out her hand and caught hold of the post by one of the
berths, when the upper berth came down and caught two of
her fingers and crushed them; that the injury caused her a
great deal of pain, and one of the fingers was in danger
of remaining permanently stiff; and that she thought her
medicine and nurse bill would amount to $200.    On cross-
examination she testified that she thought it was a brakeman
who pushed up the berth.    The testimony of the physician
who treated her was introduced.    He said that her forefinger
might remain permanently stiffened as an effect of the injury.

Appellant contends that appellee had no right to leave
her seat unless there was a necessity for so doing, and that
such necessity should have been pleaded in her complaint
and supported by proof, and that without such an allega-
tion any proof thereof was inadmissible.    Appellee testi-
fied that she went to the stove for the purpose of getting
warm.    This testimony was objected to by appellant upon
the ground aforesaid, that there was no allegation thereof
in the complaint, which objection was overruled.    This
point was subsequently again raised by a request to charge,
submitted by appellant, that "the seats constructed in the

cars used in the operation and running of trains by defend-
ant railroad company are constructed for the convenience
of passengers, and by such passengers to be occupied while
the train is moving, and not to be left or deserted while the
train is in motion except where a necessity therefor arises,
and if an injury occurred to any passenger after having left
his or her seat which would not have occurred had such
passenger remained in his or her seat the railroad company
would not be liable except when a necessity arose for leav-
ing the seat, which necessity should have been pleaded and
sustained by evidence." This instruction was refused by
the court, and rightfully so. Of course, if the plaintiff's
proof had shown that she was guilty of any negligent act
which contributed to the injury, she could not recover
unless the defendant, with knowledge of the situation, could,
by reasonable care and diligence, have prevented the acci-
dent. Her leaving her seat as she did, according to her
testimony, was not negligence upon her part under the
circumstances; and she was not bound to show, in making
her case, that she was not guilty of contributory negligence.
This was a matter for the defense to establish, if it was
relied upon, and consequently there was no necessity for an
allegation in the complaint of the kind contended for, and
the proof of the plaintiff as to why she left her seat was
incidental and immaterial. As to the burden of proof
being upon the defense to show contributory negligence, see
*Hocum v. Weitherick,* 22 Minn. 152; *Paducah, etc., R. R. Co.,*
*v. Hoehl,* 12 Bush, 41; *Railroad Co. v. Gladmon,* 15 Wall.
401; *Railway Co. v. Pointer,* 14 Kan. 37. We are aware
that there is a conflict of authority upon this point, but
deem the above rule the better one, after an examination
of many authorities thereon *pro* and *con* submitted to us.

Appellant further contends that the following instruc-
tion given to the jury is erroneous, to wit: "You are in-
structed that if you find from the evidence that the bunk

in question was so arranged that it might be raised up, and
when so raised would so remain temporarily without being
fully locked, and when so raised was in a dangerous con-
dition, and was so at the time plaintiff was injured, and
the injury was caused thereby, you may from this find
negligence upon the part of defendant,"— because it does
not contain the further requirement that the berth must
have been so raised by an employé of the company, or by
the direction of one of its agents or employés, in order to
make it liable, unless by due care and diligence it could
have known of its unsafe situation had it been raised by
another party.  Standing alone, this instruction may be
faulty in the particular claimed, but from the whole charge
we do not think that the court intended to eliminate that
condition from the elements of liability, or that the jury
could have so understood it, for the court elsewhere in its
instructions expressly told the jury that the mere occur-
rence of the accident did not raise a presumption of negli-
gence on the part of the railroad company; that it must
appear that the injury was the result of negligence on the
part of the defendant, its agents or employés; and that if
the berth, the falling of which caused the injury, was
loosened or negligently pushed up by some person not in
the employ of the company, that it would not be liable,
and said further that the defendant was bound to exercise
the highest degree of care and skill to preserve the safety
of the passenger.

Taken as a whole, these instructions were as favorable
to the defendant as it could ask, and there was no error
therein that it could complain of, either as to the point
above mentioned or as to the degree of care required.   It
is a fundamental principle of the law pertaining to passen-
ger carriers that those thus engaged are under an obliga-
tion, arising out of the nature of their employment, and
on grounds of public policy, to provide for the safety of

passengers whom they have assumed for hire to carry from one place to another. Public policy and safety require that they be held to the greatest care and diligence in order that the personal safety of passengers be not left to chance or the negligence of careless agents; that, although the carrier does not warrant the safety of passengers against all events, yet his undertaking and liability as to them go to the extent that he, or his agents where he acts by agents, shall, so far as human care and foresight can go, transport them safely, and observe the utmost caution characteristic of careful, prudent men; that he is responsible for injuries received by passengers in the course of transportation which might have been avoided or guarded against by the exercise upon his part of extraordinary vigilance, and this caution and vigilance must necessarily be extended to all agencies or means employed by the carrier in the transportation of passengers.

It was claimed that no one was appointed to look after cars of this class, and for this reason a less rate of fare was charged upon them than upon other passenger cars; that this fact was generally known, and was understood by plaintiff at the time she bought her ticket; and that she selected this class of cars from choice by reason of the cheapness of the fare. But this would not excuse the company from liability for any negligence imputable to it, and it was a part of its duty to use due care to see that the berths were properly secured, and that the passengers therein were reasonably protected from injury.

It was further contended by the company that it would not be liable unless the injury in question resulted from the carelessness or negligence of one of its agents or servants in raising the berth, and that the proof showed that it was raised by a newsboy; that, although the appellee testified upon cross-examination that she thought it was a brakeman who raised it, she also testified that she would have

known better soon after the accident occurred as to who did it than she would at the later time of the trial. Certain exhibits were offered in evidence by the defendant below, being letters written by appellee to the superintendent of the company, in one of which she stated she was injured by the carelessness of one of the company's employés, which was written a short time after the injury. A few days later she wrote another letter, stating therein that it was a newsboy who pushed up the berth. Appellant contends that this testimony showed clearly that it was a newsboy who raised the berth, and that there was no evidence that it was raised by an employé of the company, and consequently the company would not be liable, there being no evidence to sustain the claim that the injury resulted by reason of the neglect of an agent of the company. We think, however, that there was sufficient evidence in this particular to sustain the verdict. The jury might have believed the testimony of the plaintiff wherein she stated that it was a brakeman who raised the berth. No proof was introduced as to the duties of a newsboy or brakeman in this particular. The plaintiff did state in one of her letters to the superintendent of the company that the act was performed by an employé of the company, and a few days later she stated that it was a newsboy who raised the berth. This, also, was some evidence that it was an employé of the company who performed the act.

It was claimed in the argument of the cause here that the damages allowed were excessive; that the injury could not have been serious, as the appellee was able to write with the injured hand soon after the accident. But this point was waived in consequence of its not being saved or raised in appellant's brief. There was no proof, however, as to which hand was injured, or that she used the injured hand in writing the letters aforesaid.

It was further argued that the evidence of the amount incurred for medical treatment and nursing was inadmissible under the pleading; that it was in the nature of special damage, and should have been specially pleaded. Appellant moved to strike this testimony, but the record does not show that any ground was stated for the motion. The court denied it. The evidence was admissible, as the complaint did contain an allegation that the plaintiff had been compelled to expend $150 for medical treatment and nursing. It was not necessary that it should have been separately pleaded as a distinct cause of action, but, unless an amendment was asked and permitted, the amount of the recovery therefor should have been limited to the sum claimed in the complaint. But the appellant did not ask to have this done, either by a ruling of the court at the time, or by requesting an instruction to that effect to the jury; and no point over it of which this court can take notice was raised. The charge does seem to have been exorbitant, and no special circumstances appear to account for it; but the matter was not inquired into upon cross-examination, nor was the amount claimed to have been incurred disputed or questioned in any way except by the motion, as stated, nor do we know what the jury in fact allowed therefor. None of the points claimed by appellant are well taken, and the judgment is affirmed.

HOYT and DUNBAR, JJ., concur.

STILES, J. (*dissenting*). — The car in which the plaintiff was injured was one of a peculiar, cheap class, run for the accommodation of persons who did not wish to pay the usual first-class passenger rates; and it was understood that passengers traveling in it were to serve themselves, at least so far as taking care of the sleeping berths provided were concerned. It was not the duty of any railroad employé either to raise, lower or secure the berths. Therefore, the

fact that the berth in question fell carries with it no presumption that any agent of the company was the cause of its falling, in the absence of any showing that its construction was faulty.    Therefore, I dissent from the opinion of the majority of the court in this case, because it seems to me that, considering the instructions of the lower court as on the whole harmonious, and therefore not objectionable in those parts wherein it instructed the jury as to the facts necessary to constitute negligence towards the defendant, the jury by their findings seem to have entirely disregarded the charge, and to have rendered a verdict not justified under its instructions.    The testimony was not brought up to this court, but the evidence is here in the form of a narrative statement of facts.    This statement shows very clearly that the plaintiff below, shortly after the accident to her, wrote a letter to an agent of the railroad company, and complained that she had been injured by the negligence of one of the company's employés.    The agent to whom she wrote immediately requested further particulars.    Whereupon she replied, stating the manner of her injury, and that it was a newsboy who had raised the berth, and left it either not fastened at all, or insufficiently fastened.    Upon the trial she did not state with any degree of positiveness, or to the best of her knowledge and belief, that it was a brakeman who so insufficiently raised the berth, but simply that she thought so; and, upon her attention being called to the letter she had written in which she stated that it was a newsboy, she admitted having written the letter, and stated that her recollection as to who it was that raised the berth would probably have been better when she wrote the letter than at the time she was testifying.    This, it seems to me, left the matter substantially as though the plaintiff had not testified at all on the subject.    When she wrote the letter, she had no definite knowledge, and she stated nothing which could have warranted the jury in supposing

that she had been better informed since; and, therefore, her testimony as to the person whose act indirectly caused the accident was entirely worthless. In such case, under the charge of the court, it was for the plaintiff to make out with reasonable certainty, by a preponderance of the evidence, that it was an agent of the company whose negligent act caused her injury. This she failed to do, and I think the court should have set aside the verdict upon that ground. This court, in its opinion, says that the jury might have believed the testimony of the plaintiff wherein she stated it was a brakeman who raised the berth. If she had stated that, perhaps the jury might have been warranted in doing so, but she did not so state. She simply stated she thought so, which, in the presence of her earlier — and, as she admitted, better — statement, carried no force with it. The jury had no right to disregard her admittedly better statement, and base their verdict upon the inferior one. The court charged the jury over and over again that if the berth, the falling of which caused the injury complained of, was loosened or negligently pushed up by some person not an employé of the defendant, and over whom the defendant had no authority or control, then, in that case, the plaintiff had failed to establish her allegation; and it also charged that a news agent was not an employé of the railroad company, or a passenger thereof, and that if it appeared from the evidence that the berth was pushed up by a news agent at his own motion, or at the request of some person not in the employ of the defendant, then their verdict should be for defendant. When a jury thus disregards the law as given to it by the court, the latter should instantly set its verdict aside.

ANDERS, C. J., concurs.