MARY MANLEY, by next friend, *vs.* THE DELAWARE &
HUDSON CANAL CO.

October Term, 1896.

Present: Ross, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Conflict of Evidence—Contributory Negligence—Duty of Highway Trav-
eler Approaching Railroad Crossing—Allegation and Proof—Impeach-
ment of Witness.*

If there is a conflict of testimony there is a question for the jury, though
all of the defendant's evidence and most of the plaintiff's be to the same
effect.

As the testimony stood the question of contributory negligence was
properly submitted to the jury.

A highway traveler approaching a railroad crossing is bound to look and
listen but whether he is bound to stop is a question not of law but of
fact.

Under an averment that the defendant carelessly managed its train, the
plaintiff may show a failure to give the proper signals with whistle and
bell.

Injuries not specifically alleged may be shown if they resulted from such as
are specified.

The record disclosed a proper case for the impeachment of a witness by
proof of his contrary statement out of court.

ACTION ON THE CASE for negligence.   Plea, the general
issue.   Trial by jury at the March Term, 1896, Rutland
County, *Taft*, J., presiding.   Verdict and judgment for the
plaintiff.   The defendant excepted.

The plaintiff, a child of six years, was riding with an aged
man, Mr. Higgins, and his wife, over a crossing of the
defendant railroad when the carriage was run into by the
defendant's train, the man and woman instantly killed and
the plaintiff thrown out and injured.   The other material
facts appear in the opinion.

*Butler & Maloney* for the defendant.

A verdict should have been directed.   If Mr. Higgins
looked he must have seen the train before he or it reached

the crossing. If he did not look he was chargeable with negligence as matter of law. *Chicago, etc., R. Co.* v. *Houston,* 95 U. S. 697; *Magoon* v. *B. & M. R. Co.,* 67 Vt. 177; *Beisergel* v. *R. Co.,* 40 N. Y. 9; *Pence* v. *Chicago, etc., R. Co.,* 19 Am. & Eng. R. Cas., 366; *U. P. R. Co.* v. *Adams,* 19 Am. & Eng. R. Cas. 376; *Matti* v. *Chicago & W. Mich. R. Co.,* 32 Am. & Eng. R. cas. 71; *Haas Admr.* v. *Grand Rapids & Ind. R. Co.,* 47 Mich. 401; *Penn. R. Co.* v. *Beale,* 73 Pa. St. 504.

The evidence did not warrant the submission to the jury of the question of the defendant's negligence. As to the sounding of the whistle, no statutory regulation was alleged or proved. *Vandewater* v. *N. Y. & N. E. R. Co.,* 135 N. Y. 583. Some of the plaintiff's own witnesses testified that the signals were duly given.

It was Mr. Higgins' duty to stop as well as look and listen. *Zimmerman* v. *Hannibal St. J. R. Co.,* 2 Am. & Eng. R. Cas. 191; *Reading & Columbia R. Co.* v. *Ritchie,* 102 Pa. 425; *Penn. R. Co.* v. *Beale, supra; N. Y., Phil. & Norfolk R. Co.* v. *Kellam's Admr.,* 32 Am. & Eng. R. Cas. 114; *Terre Haute R. Co.* v. *Clark,* 6 Am. & Eng. R. Cas. 88; *Wilds* v. *Hud. Riv. R. Co.,* 29 N. Y. 314; *Donohue* v. *St. L. I. M. & S. R. Co.,* 28 Am. & Eng. R. Cas. 673; *Stepp* v. *Chicago, etc., R. Co.,* 85 Mo. 229.

There was no averment of negligence in respect to signalling or speed; hence testimony on those subjects should have been excluded. *Spaulding* v. *Warner,* 57 Vt. 654.

So too it was error to admit evidence of injuries not described in the declaration. *Thompson* v. *Nat. Express Co.,* 66 Vt. 359.

The court erred in permitting the impeachment of the witness Dibble. *Fairchild* v. *Bascomb,* 35 Vt. 417.

*Wm. H. Preston* and *Joel C. Baker* for the plaintiff.

There was a conflict of testimony, which made a question for the jury. *Barber* v. *Essex,* 27 Vt. 62.

The law did not require Higgins to stop.  *Davis* v. *N. Y. C. & H. R. R. Co.*, 47 N. Y. 400.

ROWELL, J.   The defendant moved for a verdict, for that there was no testimony tending to show negligence on its part, and for that the testimony disclosed contributory negligence on the part of Higgins, with whom the plaintiff was riding at the time of her injury, and whose negligence, the defendant claimed, was imputable to her.

The motion was properly overruled as to the first ground; for although all of the defendant's testimony, and a large part of the plaintiff's, tended to show that the whistle was blown and the bell rung seasonably and sufficiently, yet some of the plaintiff's tended to show the contrary, which made the question of the defendant's negligence for the jury.

We also think that the motion was properly overruled as to the second ground.  For some little distance south of where the highway turns to cross the railroad, to a point thirty-two feet east of the center of the track at the crossing, a train cannot be seen approaching from the south.  But at that point the track can be seen in that direction a distance of five hundred and three feet.  As you approach the crossing, going west, it is seen less and less, for it curves in the rock cut, the west side of which obstructs the view more and more as you advance.  Higgins had a very gentle horse, which was walking slowly.  Some of the testimony tended to show that the train was running rapidly, and that the whistle was not blown nor the bell rung until it was in dangerous proximity to the crossing.  The defendant claims that if Higgins had looked, he must have seen the train; and if he did look and undertook to cross in front of it, he was negligent; and if he did not look and listen, he was equally negligent.  But the jury has found that he could not have prevented the accident if he had looked and listened. It cannot be told with any certainty whether the train was in sight or not when he reached the thirty-two foot point. The jury seems to have thought that it was not in sight, for

if it had been, and he had seen it, he could have avoided the accident by stopping, for his horse was exceedingly reliable, to his knowledge. The defendant undertakes to demonstrate by figures that it was in sight. But the data for such demonstration are too uncertain to be reliable. The case, on the testimony, was fairly for the jury on the question of contributory negligence.

The defendant requested the court to charge that it was Higgins' duty on approaching the crossing to stop, look and listen for approaching trains, and that if by doing so he could have avoided the accident and he did not do it, he was guilty of contributory negligence, and the plaintiff could not recover. The court complied with the request, omitting the word "stop," to which omission the defendant excepted. The omission was right. A traveler approaching a railroad crossing is not bound as matter of law to stop in order to avoid the imputation of negligence. He is bound to make vigilant use of his sight and hearing to discover and avoid danger, such use as a careful and prudent man would make in the same circumstances. If it is necessary for him to stop in order to do that, then he must stop; but it is for the jury to say whether it was necessary or not. This is the general rule, although in Pennsylvania and a few of the other states it is held as matter of law that he must stop. *Kellogg* v. *N. Y. C. & H. R. R. Co.*, 79 N. Y. 72; Note to *Ernst* v. *Hudson River R. R. Co.*, 90 Am. Dec. 783; *Tyler* v. *New York & New England R. R. Co.*, 137 Mass. 238; *Atchison, etc. R. R. Co.* v. *Hague*, 54 Kansas 284: 45 Am. St. Rep. 278, 284; 4 Am. & Eng. Ency. of Law, p. 68, § 33 and notes.

The averment that the defendant so carelessly and negligently drove and managed its locomotive engine and train of cars that they struck and injured the plaintiff, was sufficiently broad to let in the testimony that the whistle was not blown nor the bell rung, as that was a part of the management of the engine and train.

Testimony that as a result of plaintiff's injuries she had curvature of the spine and defective eyesight was objected to, for that the declaration contains no allegation in respect of them. But if they resulted from the injuries specified in the declaration, they could well be shown; and if necessary to avoid a reversal, we should assume that they did so result, as the contrary does not appear.

On cross-examination of the defendant's witness Dibble, who was a passenger on the train at the time of the accident, he was asked if he had not told certain persons that the train was running desperately at the time, and denied it. In rebuttal the plaintiff was permitted to show that he had so stated. Defendant claims that this was error, for that the witness was the plaintiff's on that point, as the defendant did not inquire of him concerning the speed of the train. But the defendant asked him if the train stopped before it reached the station, and he answered that it did, and "very abruptly," which attracted his attention. The speed of the train was a controverted question, and this answer had some tendency to show that it was not running unusually fast. Consequently the plaintiff's inquiry of the witness was legitimate cross-examination, and the impeachment of him in rebuttal, proper.

*Judgment affirmed.*