## MARIE PARKER v. CITY OTTUMWA, Appellant.

**Injury from Defective Sidewalk:** PLEA AND EVIDENCE:   *Unsafe condition before accident.*   Where a petition alleged that defendant had notice of the unsafe condition of the walk on which plaintiff was injured long before and at the time of the accident, evidence was admissible to show its unsafe condition prior to the accident.

*Pregnancy.* Where plaintiff's knee was injured by a defective sidewalk, and the petition alleged that injury caused great pain and suffering, evidence that she was pregnant when injured, and that the labor of child birth necessitated the movement of the injured knee and consequent pain was admissible, without an averment of special damage because of pregnancy.

**Evidence:** OBJECTION AFTER ANSWER:   *Not timely.*   An objection a question after the answer is in, is ordinarily, too late, to be available.

ADMISSION: *Failure to except.*   Where there was no exception to the court's ruling on the admissiblity of evidence, an objection to the ruling will not be considered.

REPAIR AFTER ACCIDENT:   *When admissible in rebuttal.*   Where de-
fendant in an action for injuries occasioned by a defective
sidewalk offered evidence tending to show that the walk was
in good repair before, at, and after the accident, it was com-
petent to show in rebuttal that repairs were made near the
place in question, after the accident.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN,
Judge.

SATURDAY, APRIL 13,1901.

PLAINTIFF was tripped and thrown by a loose board in
·defendant's sidewalk, and brings this action to recover dam-
ages for the injury received.   There was a trial to a jury,
.and a verdict and judgment for the plaintiff.   The defendant
.appeals.—*Affirmed.*

*W. H. C. Jaques* for appellant.

*Steck & Smith* for appellee.

SHERWIN, J.—The petition alleges that the defendant
had both actual and constructive notice of the unsafe condi-
tion of its walk at the place where the plaintiff was injured
long before and at the time the accident happened.
Witnesses were permitted to testify as to this condi-
tion, and of this the defendant complains. It does not
appear that an exception was taken to the ruling of the court
on the motion to strike the answer of the witness Graham,
but, regardless of this, the evidence was properly received.
*Smith v. City of Des Moines,* 84 Iowa, 685; *Hunt v. City
of Dubuque,* 96 Iowa, 314; *Wilberding v. City of Dubuque,*
111 Iowa, 484.

A witness for the plaintiff on his examination in chief
was asked whether he had noticed repairs in the sidewalk
before or after the accident.   He answered that he had "seen
where they took pieces and nailed them down."   The ques-
tion was then objected to, and the objection overruled.   The
witness then went on and answered where he had seen the

repairs, and that it was after the accident. A similar ob-
jection was made after the answer was in, which was over-
ruled, but no exception taken to the ruling. An objection to
a question after the answer is in is ordinarily too late, and
is of no avail. *Leipird v. Stotler* 97 Iowa, 169. The
answer to the first question did not specifically dis-
close when the repairs were noticed by the witness.
When he answered afterwards that it was after the accident,
no exception was taken to the ruling of the court thereon;
hence we cannot consider it.

The defendant offered evidence tending to show that
the sidewalk was in good repair before, at, and after the time
of plaintiff's injury. In rebuttal the plaintiff was per-
mitted to prove that repairs had been made at and
and near the place in question after the accident.

This evidence was clearly competent, as tending to
refute the defendant's claim. There was also evidence tend-
ing to show that the walk had been in an unsafe condition
long before the plaintiff was hurt, and continued so for some
time thereafter.

Plaintiff's attending physician was permitted to tes-
tify that she was pregnant when injured, and that the labor
of childbirth necessitated movement of the injured knee, and
consequent great pain. It is urged that this evi-
dence should not have been received, because no
special damage on account of pregnancy was pleaded.
This was not necessary. It was alleged that the injury
caused great pain and suffering, and her physical condition
at the time thereof was proper for the jury to consider in
determining its extent.

Lastly it is said the verdict is not supported by the evi-
dence. With this we cannot agree. The evidence is in
conflict on all material matters, except, perhaps, the ques-
tion of the defendant's knowledge that the walk in question
needed constant supervision and repair, and this is clearly
shown by even its own witness. The judgment is AFFIRMED.