[No. 4042. Decided December 24, 1901.]

FRANK CLUKEY et ux., Respondents, v. SEATTLE ELEC-
TRIC COMPANY, Appellant.

CARRIERS — INJURY TO PASSENGER — EVIDENCE ADMISSIBLE UNDER
ALLEGATION OF DAMAGE.

In an action to recover for personal injuries sustained by
a woman while a passenger on a street car, evidence of the wom-
an's pregnancy and of a miscarriage produced as a result of
the accident, together with the suffering and injury incident there-
to is admissible, where the complaint, in addition to the gen-
eral allegations of injury, alleges that she received internal in-
juries of a permanent nature, that she was hurt and injured in
and about the breast, waist, and abdomen, and that she had
unnatural internal bleeding.

WITNESS — SCOPE OF CROSS-EXAMINATION.

Where a question is not admissible as proper cross-examina-
tion, the fact that it is addressed to a plaintiff in the case while
testifying as a witness would not change the rule, even if in-
tended to elicit a circumstance against interest.

SAME — CROSS-EXAMINATION OF EXPERTS — READING FROM AUTHOR-
ITIES.

In the cross-examination of medical experts for the purpose
of testing their knowledge, it is not error for counsel, in ask-
ing whether the authorities do not lay down certain rules, to
read such rules from the books themselves as stated in the lan-
guage of the authors, rather than stating the rules from memory.

TRIAL — MISCONDUCT OF COUNSEL — HARMLESS ERROR.

The action of counsel in arguing a damage case in asking a
verdict for the full amount claimed in the complaint, referring
to another case in the same county where a jury had awarded
the full demand, was not prejudical error, where the court, upon
objection of the adverse party, immediately charged the jury
that they should regulate their deliberations upon the evidence
in the case.

ACTION FOR PERSONAL INJURIES — INSTRUCTIONS — CARRIER AS IN-
SURER OF PASSENGERS.

In an action for personal injuries received while a passen-
ger upon a street car, an instruction is not prejudicial on the score
of misleading the jury into the impression that defendant was an
insurer of plaintiff's safety, where it charges them that "com-
mon carriers, in the operation and running of their cars, and
especially common carriers such as this, owe the duty to pas-
sengers whom they carry to use the highest degree of skill, care,
and prudence in the running and in the operating of those cars,
so as to prevent injuries to those passengers."

SAME — EXCESSIVE VERDICT.

The fact that a complaint in an action for personal injuries
seeks to recover $150 for physicians' services and medicines, and
that the testimony of plaintiff's physicians showed that their
services were worth $325, taken in connection with the instruc-
tion of the court that plaintiff might recover whatever expenses
in the way of physicians' services or medicines for which a
liability had been incurred, warrants a reduction of the judgment
obtained in the sum of $175, when it does not affirmatively ap-
pear that the jury was not misled.

Appeal from Superior Court, King County.—Hon. G.
Meade Emory, Judge. Affirmed.

*Struve, Allen, Hughes & McMicken,* for appellant.

*John B. Hart* and *P. D. Hughes,* for respondents.

The appellant assigned, as the seventh error, the remarks made by .plaintiff's attorney in the closing argument to the jury, when the following proceedings occurred:

Mr. Hart: "I say to you, gentlemen, return this verdict for the full sum of $15,150 and you can help me out in my dilemna by making it the full sum, because your verdict should have been for $30,000, and I think now it would have been if I had sued for that sum. You ought to do it. Once before in King county a jury returned a verdict for the full sum that was asked and it was sustained, and all that was the matter with that man was that his penis was paralyzed and —."

Mr. Hughes: "I object to the statement of counsel to some other case and to some one else's misfortunes as improper, and I desire my exception to be noted."

The Court: "The jury in this case will regulate their deliberations by the evidence in this case, which the jury always does."

The opinion of the court was delivered by

DUNBAR, J.—Action for damages for personal injuries sustained by a passenger on a street car owned and operated by appellant. Judgment was asked for $15,000, and the jury returned a verdict of $5,700. Motion for new trial was overruled, judgment entered, and appeal taken.

Appellant's first assignment of error is the admission by the court of testimony showing the pregnancy of the plaintiff, Mrs. Clukey, and the abortion alleged to have been suffered by her following the accident, and the suffering and injury incident thereto; it being contended that such damage, if any, was a special damage, and therefore that it should have been specially alleged. Without entering into a discussion of the fine distinctions which are sometimes drawn between special and general damages, and accepting the statements of the law cited by appellant from

the 8 Am. & Eng. Enc. Law, 542, that general damages are
those which necessarily and by implication of the law re-
sult from the act or default complained of, and from the 16
Enc. Pl. & Pr., p 381, to the effect that it is well settled
that, under a general allegation of damages consequent
upon an injury to the person, a recovery may be had for all
damages naturally and necessarily sustained by reason of
the injury charged, and which are the direct and obvious
results thereof, since such damages are implied by law, we
still think the testimony was admissible under the allega-
tions of the complaint. It is impracticable to furnish a
specific catalogue of the plaintiff's condition at the time of
the accident, or to state all the successive steps resulting
from an accident which culminated in the final injury sus-
tained, or to state all the reasons for results arising from
the peculiar conditions or surroundings of the plaintiff. It
is competent, in aid of an intelligent tracing of cause and
effect, to show, in the absence of such allegation, that the
plaintiff was a very large and fleshy woman, where that fact
tends to explain the reason for certain injuries claimed to
have been received; or that she was an old woman, or a
nervous woman, for the purpose of showing that the injury
was aggravated by reason of those personal peculiarities.
Some latitude must be allowed to the pleader in this re-
spect. After the allegation of certain injuries, it is alleged
in the complaint that she (the plaintiff) received other
injuries, internal and of a permanent nature; that she was
hurt and injured in and about the breast, waist, and abdo-
men, and that she had unnatural internal bleeding. Cer-
tainly a miscarriage would naturally result from the state
of facts alleged. The supreme court of the United States,
in *Wade v. Leroy*, 20 How. 34, approved the admission of
testimony tending to show incapacity on the part of the

plaintiff, by reason of the injury received, to attend to the particular business in which he was engaged before the injury was sustained, although the nature of his occupa-. tion was not set forth in the declaration, and announced therein the following rule:

"If the evidence tends to support any issue between the parties, or has a direct connection with other evidence competent to maintain the averments of the declaration,— either to illustrate its meaning or to ascertain its probative effect,—it cannot be rejected as impertinent, or as founded upon matter that does not appear in the pleadings of the cause."

The admission of the testimony complained of in this case was nothing more than permitting the plaintiff to show the resulting injuries from the accident, flowing naturally and proximately therefrom. As sustaining the court in the admission of the testimony complained of, see *Missouri Pacific Ry. Co. v. Mitchell*, 72 Tex. 171 (10 S. W. 411); *Tobin v. Fairport*, 12 N. Y. Supp. 224; *Parker v. Ottumwa* (Iowa), 85 N. W. 805; *Denver & Rio Grande Ry. v. Harris*, 122 U. S. 597 (7 Sup. Ct. 1286); *Manley v. Delaware & H. Canal Co.*; 69 Vt. 101 (37 Atl. 279); *Ohio & M. Ry. Co. v. Hecht*, 115 Ind. 443 (17 N. E. 297. And many other cases might be cited sustaining the same principle. It will be observed that the complaint alleges that plaintiff received other internal injuries, and that the defendant went to trial without asking that the complaint be made more definite and certain, or attacking it in any way. Under such circumstances, the testimony was plainly admissible.

The second assignment of error goes to the sustaining by the court of an objection to the following questions propounded by appellant's attorney to Mr. Clukey, the husband of the injured plaintiff: "Mr. Clukey, were you pres-

ent when Dr. Coe examined your wife?" Answer: "Yes, sir." Question: "Now, Mr. Clukey, when Dr. Coe was present and examining her, is it not true that neither you nor Mrs. Clukey made any mention that there had been a miscarriage?" This question was certainly not admissible as proper cross-examination, and the fact that the witness was one of the plaintiffs in the case does not change the rule as to him. Appellant does not contend that it was for the purpose of laying the foundation for an impeachment, even if it had been competent for that purpose; but the contention is that, if true, it fixed the intent of the parties,—being a circumstance against interest. Such testimony might have been introduced as a part of the defendant's case, but we think it was plainly inadmissible upon cross-examination.

We will notice the third assignment hereafter. What we have said in relation to the first assignment may appropriately be applied to the fourth. The hypothetical questions objected to under assignment No. 5, while probably rather awkwardly constructed, we are satisfied were absolutely harmless, and violated no rule of law. The sixth assignment embraced an objection to the manner in which the attorney for respondents conducted the cross-examination of the medical experts appointed by the court. The counsel asked the expert if such authorities did not lay down certain rules,—reading the language of the rule from the author's work,—and it is contended that it is an infraction of the rule of evidence against the admission of medical authorities. But we do not think the rule of law was announced to meet the practice of the kind complained of. These questions were propounded upon cross-examination for the purpose of testing the knowledge of the expert. It would have been competent for the attorney to have stated

supposititious cases to the experts. He could properly have stated the rule from memory, asking the expert if such an author did not lay down such a rule. It seems there could be no tenable objection to his reading the rule to the expert. In fact, it is a more exact method and less liable to make a wrong impression on the mind of the juror, than to cross-examine from memory.

As to the seventh assignment of error, it cannot be said, we think, that the alleged misconduct of counsel for the respondent in using the language which he did in his address to the jury will warrant a reversal of the cause. He had a right, of course, to tell the jury that they should give him a verdict for the full amount asked for in the complaint. Further remarks were objected to by counsel for defendant, when the court said, "The jury in this case will regulate their deliberations upon the evidence in this case, which this jury always does;" and it is insisted that the remark of the court, instead of being a rebuke to counsel for plaintiff, was rather a rebuke to counsel for defendant for interfering. We are inclined to think that the concluding clause of the court's remark was not justified. At the same time, the jury were, in effect, told, and must have understood from the court, that a discussion of extrinsic matters was to be excluded from their deliberations. Under all the circumstances of the case we do not feel justified in sustaining this assignment of error. *State v. Boyce,* 24 Wash. 514 (64 Pac. 719) ; *Taylor v. Ballard,* 24 Wash. 191 (64 Pac. 143).

The following instruction is objected to in the ninth assignment:

"The general rule of law regarding the duty which railroad companies of this kind owe to their passengers may be stated in this way: Common carriers, in the operation

and running of their cars, and especially common carriers such as this, owe the duty to passengers whom they carry to use the highest degree of skill, care, and prudence in the running and in the operating of those cars, so as to prevent injuries to those passengers."

It is insisted that the last portion of this instruction makes the defendant an insurer. But we think this is a strained construction of the instruction given, and that the expression "so as to prevent injuries to those passengers" neither adds to nor takes anything from the instruction which precedes it, and is entirely harmless.

The ninth assignment is disposed of by what we have said in relation to the first.

It is stated in the third assignment that the complaint seeks to recover $150 expenses incurred for physicians' services and medicines, rendered and to be rendered, and that the testimony of one Dr. O'Rourke, who was plaintiff's physician, that his services were worth $200, and of Dr. Downey, the other of plaintiff's physicians, that his bill for services was $125, taken in connection with the instruction of the court that plaintiffs might recover whatever expenses in the way of physicians' services or medicines may have been proven to have been paid for, or for which a liability has been incurred, would justify the jury in incorporating in their judgment the amount of $325, instead of $150, the amount claimed in the complaint. We are not certain that the jury were misled in this respect by the instructions of the court, but as it does not affirmatively appear that they were not, the plaintiffs, in accordance with the offer heretofore made, will remit $175 from the judgment obtained.

The judgment will therefore be affirmed, less the amount of $175; the respondents to recover costs.

REAVIS, C. J., and ANDERS, MOUNT, WHITE, FULLER-
TON and HADLEY, JJ., concur.