[No. 4890. Decided July 14, 1904.]

C. G. Johnson et al., Respondents, v. Seattle Electric Company, Appellant.[1]

Carriers—Negligence—Injury to Passenger on Street Car—Degree of Care Required of Company—Instructions. In an action for personal injuries sustained by a passenger while alighting from a street car, it is error to instruct that while the company is not an insurer, the law calls upon it to do whatever can be done to insure the protection of passengers, since the company is only bound to exercise the highest degree of care consistent with the practical conduct of its business, and such an instruction is reversible error where it is the only one defining the measure of defendant's duty to passengers.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 25, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained in alighting from a street car. Reversed.

*Struve, Hughes & McMicken,* for appellant.
*Root, Palmer & Brown,* for respondent.

Per Curiam.—The appellant is a street car company, operating a line of street cars in the city of Seattle. The respondent Betse Johnson was a passenger on one of the appellant's cars, and was injured while alighting therefrom. The injury is alleged to have been caused by the negligence of the appellant's servants in suddenly starting the car while the respondent was in the act of alighting, and one of the principal issues in the case was whether or not the appellant's servants were guilty in the manner so alleged. On the question of the degree of care necessary to be exercised by a carrier of passengers, the court gave to the jury the following instructions:

[1]Reported in 77 Pac. 677.

"Now, in arriving at a solution of the question whether the plaintiff was injured through the negligence of the defendant corporation, you must consider what was the duty of the corporation in that regard at the time, under the circumstances. A corporation engaged in the transportation of passengers is held by the law to the exercise of the highest degree of care in the equipment of its road and the manner of operation of its road. A transportation company is not an insurer of the lives or limbs of its passengers, but the law calls upon it to do whatever can be done to insure their protection while they are being transported."

This instruction is complained of, we think justly. While the jury are told that a common carrier is not an insurer of the lives and limbs of its passengers, yet they are told that it is liable if it has not done everything that could have been done to insure their safety. The rule is not so onerous as this. There are many things that a carrier could do which would conduce to the safety of its passengers, but which it is not required to do, simply because the practical prosecution of the business will not permit of it. The carrier could, for example, by simply increasing its force of attendants, reduce to a minimum the happening of accidents like the one complained of here, but this, simple as the remedy may seem, might so increase the cost of operation as to compel the abandonment of the business. Hence the carrier cannot be held bound to do everything that can be done to insure the safety of its passengers, but only to the highest degree of care consistent with the practical conduct of its business. The measure of duty, as laid down by the trial court, was more than the law requires of the carrier, and for that reason erroneous.

It is said by the respondent that this instruction even though it may be erroneous, when considered by itself, is

not so when taken with the other instruction given. But a careful perusal of the entire charge shows that this is the only place where the court undertook to define the measure of the appellant's duty to its passengers, and the jury could not have understood, from expressions made use of elsewhere, that they were intended as modifications of the language used here. Nor do we think the instruction is supported by the cases of *Northern Pac. R. Co. v. Hess,* 2 Wash. 383, 26 Pac. 866, and *Clukey v. Seattle Electric Co.,* 27 Wash. 70, 67 Pac. 379. While the first states the rule of liability in strong language, and the second upholds an instruction that goes to the utmost extent of the rule, in neither of them was it said that the carrier, to escape liability for negligence, must do everything that can be done to prevent accidents.

Other objections are urged against the regularity of the trial, but, as these will not recur on a retrial, it would be unprofitable to discuss them now.

The judgment is reversed, and a new trial awarded.