[No. 5394.   Decided April 17, 1905.]

## GEORGE DENHAM et al., Appellants, v. THE WASHINGTON WATER POWER COMPANY, Respondent.[1]

JURORS—PREJUDICE AGAINST PERSONAL INJURY CASES—CHAL-
LENGE FOR CAUSE. A juryman in an action for personal injuries
is not subject to challenge for cause because he states that he
has a prejudice against that class of cases, which it might take
evidence to remove, where his answers show that he is frank
and fair, knew nothing of the case, and would try the case upon
the evidence, disregarding any feelings or prejudice he might
have against that class of cases.

CARRIERS—DEGREE OF DUTY TO PASSENGERS—INSTRUCTIONS—RE-
QUESTS. In an action against a common carrier, where the in-
structions to the jury defined defendant's duty to passengers as
a "high degree" of care, it is not error to refuse a request to
instruct that the defendant owed the "highest degree of care,"
since the request for more definite and specific instructions was
lacking in proper qualifications respecting the practical operation
of the business.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR IN INSTRUCTIONS
—EVIDENCE INSUFFICIENT. Error in giving or refusing instruc-
tions is harmless where the verdict was for the defendant, and
the evidence was not sufficient to have warranted a verdict for
the plaintiff.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered February 11, 1904, upon
the verdict of a jury rendered in favor of the defendant, in
an action for personal injuries sustained in a fall from
a street car. Affirmed.

*Roche & Onstine,* for appellants.

*H. M. Stephens,* for respondent.

ROOT, J.—Appellant Margaret Denham was riding upon
a street car of the defendant company, and was in some
manner thrown therefrom, and seriously injured, while the

1Reported in 80 Pac. 546.

car was in motion. It was contended by appellants that the respondent was negligent in permitting the car to become overcrowded, and in not having it suitably arranged to avoid the character of accident which it was claimed said appellant sustained. A verdict was returned in favor of the defendant, and judgment entered thereupon. From this judgment appeal is taken.

Among the errors assigned, is the action of the court in overruling appellants' objections to a juryman by the name of White. A portion of the examination of said juryman was as follows:

"Q. Do you know any reason why, Mr. White, that you could not render a fair and impartial verdict in this cause? A. Why, I sometimes think I have a prejudice in cases of this kind. Q. And you still have that slight prejudice in cases of this kind, have you not, Mr. White? A. I think so. Mr. Roche: I submit a challenge for cause. Q. (By Mr. Stephens). Mr. White, would you give the same weight to evidence in this character of a case as you would in any other case? A. I think so. Q. And would decide from the evidence fairly and impartially under the instructions of the court? A. Yes, sir, but it might take evidence to remove some of my prejudices. Q. Still, you have not an opinion one way or the other of the case before you hear the evidence? A. I have not; no, sir. Q. And your opinion, when you heard the evidence, would be made up from the evidence, would it? A. It would. . . . Q. (By the Court.) You think, Mr. White, that you have a prejudice which might influence you one way or the other in arriving at a verdict? A. No, I don't think I have. Q. You think you could try the case fairly and impartially and on the evidence and the instructions given you by the court, uninfluenced by any prejudice that you might have? A. I think so. Q. (By Mr. Roche.) What I mean by prejudice is, what degree of respect that you would pay to the testimony of the plaintiffs' witnesses. Could you give them the same credit as you could give in any other case where you are not prejudiced at all? A.

Yes, I think so. . . . Q. And you have a prejudice that it would require some evidence to remove, you stated, did you not? A. It might. . Q. And you still have that prejudice that it would require evidence to remove, have you not, Mr. White? A. It might, possibly. Q. (By the Court.) As I understand it, Mr. White, you have a prejudice generally against damage cases for personal injury? A. Yes, sir. Q. But you think you could disregard that prejudice and decide the case according to the evidence and the instructions of the court, do you? A. I think I could give the evidence the same weight that I would in any other case, I think I would, the same. Q. If, after hearing the evidence and instructions of the court in this case, you thought that the plaintiff was entitled to damages, you would not hesitate to award damages because of any prejudice that you might have against damage suits generally? A. No, sir, I think not. The Court: I will deny the challenge."

Under the holding of this court in the case of *State v. Croney*, 31 Wash. 122, 71 Pac. 783, we think the action of the trial court was justified. The answers of this jury-man showed that he was frank and fair; that he knew nothing whatever about the facts of this case, and had no predilections concerning the same, or the merits thereof, that he could and would try the case upon the evidence, disregarding any feelings or prejudice that he might have against the general class of cases to which this belonged. The case cited above was a criminal case. In such cases freedom from prejudice is ordinarily insisted upon more strictly than in a civil case; yet in that case, although one of the jurymen said that he had a prejudice against a man charged with crime, and that said prejudice was to a certain extent a fixed opinion against a person charged, and that he would go into that particular trial with that prejudice against the defendant, inasmuch as the juryman said that he would not allow that prejudice to affect his

action as a juryman, and that he would try the case wholly upon the evidence under the instructions of the court, regardless of any other consideration, the court held that he was qualified as a juryman. We think the holding there and in similar cases controlling in this case.

Some exceptions were entered to the court's rulings upon the introduction of evidence. An examination shows that they are not well taken. Among other instructions, the trial court gave the following:

"I instruct you, that a railway company or a street railway company who undertakes to transport passengers for hire, is what is known in law as a common carrier, and it is the duty of every common carrier who undertakes to transport passengers for hire to exercise a high degree of care in the operation of its road, and in providing proper cars in order to prevent accident and injury to passengers they undertake to transport."

Appellants contend that this instruction was insufficient. They requested the court to give the following instruction:

"I further instruct you that it is the duty of the defendant railway company to exercise the highest degree of skill and care in the management of their cars, and in providing safe and suitable accommodations and protection for their passengers."

If the instruction given by the court was not sufficiently definite and specific, the appellants had the privilege of submitting an instruction that would be more definite and specific; and, when so requested, it would have been the duty of the court to have given such an instruction, if correct. But the instruction requested by the appellants is not a correct statement of the law. It lacks proper qualifications. The railway company is not called upon to exercise the "highest degree of skill and care;" but it has complied with its duty when it uses the highest degree

of skill and care reasonably compatible with the practical operation of its business. This is the doctrine recognized in *Johnson v. Seattle Electric Co.,* 35 Wash. 382, 77 Pac. 677. We are therefore inclined to think that the instruction given by the court, in the absence of a proper request from the appellants to give one more definite and specific, was sufficient. Other instructions are complained of, but we fail to find merit in the assignments of error.

In this case, even if the action of the trial court in the matters complained of had constituted error, it would, in our opinion, have been harmless, for the reason that the evidence fails to sustain a cause of action. The verdict could not properly have been otherwise than it was; and had it been favorable to appellants, it would have been the duty of the trial court to set it aside and grant a new trial, as being clearly against the evidence.

Perceiving no reversible error, the judgment of the lower court is affirmed.

Mount, C. J., Crow, and Rudkin, JJ., concur.

Dunbar, J., concurs in the result.

Hadley and Fullerton, JJ., took no part.