[No. 6583. Decided April 6, 1907.]

## CHARLES F. NORMAN, *Respondent*, v. THE CITY OF BELLINGHAM, *Appellant*.[1]

APPEAL—REVIEW—VERDICTS. The verdict of a jury upon conflicting evidence is conclusive on appeal, even if against the weight of the evidence.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF. In this state, the burden of proving the contributory negligence of the plaintiff is upon the defendant.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $500 for injuries to the driver of a delivery wagon, from a fall from his wagon, is not excessive, although the injuries were not permanent, where he expended $75 for medical attendance and assistance, was kept from his work for six weeks, part of the time in bed, and suffered severely from contusions and wounds.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered October 1, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Henry C. Beach*, for appellant.

*Kellogg & Neal*, for respondent.

FULLERTON, J.—The respondent, while driving a delivery wagon along one of the streets of the appellant city, ran the wagon against a rock which protruded from the bottom of the roadway. The jar from the impact threw him from the wagon to the ground, causing personal injuries for which he sued in this action. At the trial the jury returned a

[1]Reported in 89 Pac. 559.

verdict in his favor for $500, on which judgment was entered. The city appeals.

In the main the questions discussed by the appellant were conclusively determined against it by the verdict of the jury. Whether the city was negligent in suffering the obstruction causing the injury to remain in the highway, whether the obstruction was the primary cause of the injury, whether the city had notice of the obstruction, and whether the respondent was guilty of contributory negligence, were questions on which there was a substantial conflict in the evidence; and where such is the case, the verdict is conclusive in this court. We cannot substitute our judgment for the judgment of the jury, even when we are convinced that the verdict is against the weight of the evidence. The trial judge may properly grant a new trial on the ground that the weight of the evidence is against the verdict, but the right does not extend to this court. *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108.

The appellant, however, makes the point that the evidence failed to show affirmatively that the respondent was free from contributory negligence, and cites a number of cases from other jurisdictions holding that the burden is upon the person injured to show that his want of care did not contribute to his injury. Undoubtedly the rule contended for prevails in the jurisdictions from which the cases cited were obtained, but the rule is not general and was early repudiated by this court. In this state the burden is upon the party affirming it to establish contributory negligence, and where the evidence is silent as to the question, due care is presumed. *Northern Pac. R. Co. v. O'Brien,* 1 Wash. 599, 21 Pac. 32; *Northern Pac. R. Co. v. Hess,* 2 Wash. 383, 26 Pac. 866; *Spurrier v. Front Street Cable R. Co.*, 3 Wash. 659, 29 Pac. 346; *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79.

It is finally urged that the verdict is excessive. The respondent was away from his work on account of his injury some six weeks, a part of which time he was confined to his

·bed.   He expended for medical attendance, and for assistance rendered necessary because of his condition, some $75. Under these circumstances, we do not think the verdict so large as to require interference by this court.   It is true, no permanent injury was shown, but.the respondent suffered severely from contusions and wounds caused by his fall, and was entitled to a reasonable compensation for his suffering.

The judgment is affirmed.

HADLEY, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.