[No. 12688.    Department One.    July 28, 1915.]

M. WEKSI, *Respondent*, v. PUGET SOUND TRACTION, LIGHT
& POWER COMPANY, *Appellant*.[1]

CARRIERS—INJURIES TO PASSENGERS—SETTING DOWN PASSENGERS—
NEGLIGENCE—INSTRUCTIONS. In an action by a passenger on a street
car, injured by the sudden starting of the car while he was alight-
ing, it is error to instruct the jury that the defendant was liable
for the slightest degree of negligence and that it was the duty of
the defendant to deliver the plaintiff safely at his destination; and
the error is not cured by further correct instructions as to defend-
ant's liability in case the conductor, knowing that plaintiff was
alighting, or by the exercise of extraordinary care could have known
it, started the car while plaintiff was alighting and injured him.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered September 12, 1914, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion for personal injuries sustained by a passenger in alight-
ing from a street car.    Reversed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*Willett & Olson*, for respondent.

MOUNT, J.—Action for personal injuries.    The respond-
ent was injured while alighting from one of the appellant's
street cars.    He alleges in his complaint that he was injured
by reason of the negligence of the servants of the defendant
in suddenly starting the car while the respondent was in the
act of alighting.    The answer was a general denial, and al-
leged contributory negligence on the part of the respondent.
The case was tried to the court and a jury.    A verdict was
returned in favor of the respondent for $1,200.    A judg-
ment was afterwards entered upon the verdict for that
amount.    The defendant has appealed.

In passing upon the motion for a new trial, the trial court
stated, in substance, that he believed the respondent was in-

[1]Reported in 150 Pac. 443.

sincere in claiming that, at the time of the trial, he was still suffering from injuries which he received at the time of the accident. Upon this appeal, the appellant makes two contentions: First, that the verdict and judgment are excessive; and second, that the court erred in its instructions to the jury. While we are inclined to the opinion that the verdict is excessive, and that the trial court was justified in believing that the respondent was simulating his injuries at the time of the trial, yet, in view of the fact that an excessive verdict might or might not, at the option of the plaintiff, result in a new trial, and in view of our conclusion that the instructions are erroneous and must necessarily result in a new trial, we shall pass by the question of the excessiveness of the verdict.

Upon the trial, the court instructed the jury as follows:

"The court instructs you that when the defendant in this case received the plaintiff as a passenger on its car, and had paid his fare, the defendant was bound under the law, to exercise toward the plaintiff the strictest vigilance practicable, consistent with the operation of its road in the carrying of plaintiff and letting him on and off its car. It was bound to exercise the highest degree of care, skill and diligence, practicable under the circumstances and conditions existing at the time and place in question, consistent with the operation of said railway, in order to prevent and avoid injury to the plaintiff, and the defendant is liable for the slightest negligence in its operations.

"When the plaintiff became a passenger on the defendant's street car, it became the duty of the defendant to deliver the plaintiff safely at his destination, and that involved the duty of observing him when the car got to the place where the plaintiff desired to alight and whether he had actually alighted before the car was started again. If you believe from a fair preponderance of the evidence, as the court will hereinafter define the same, that while the car was stopped, plaintiff, in the exercise of due care and diligence on his part, was in the act of alighting from said car, and that the defendant, by its conductor, knowing the same, or by the exercise of extraordinary care and diligence on the part of

such conductor could have known it, started the car while the plaintiff was so getting off, not having had a reasonable time so to do, and thereby injured the plaintiff, then your verdict should be for the plaintiff."

It is argued by the appellant that these instructions, which state that the defendant is liable for the slightest negligence, and that it became the duty of the defendant to deliver the plaintiff safely to his destination, are erroneous instructions.   We think there can be no doubt upon this question.   It was not necessarily the duty of the defendant to deliver the plaintiff safely to his destination.   The defendant is not an insurer of the safety of passengers.   Many things might occur to injure a passenger for which the appellant would not be liable.   The appellant is liable only for its own negligence.   If passengers are injured by the negligence of others, and the carrier is not negligent, there is no liability.   The rule is that a carrier is bound to use the highest degree of care consistent with the practical operation of its cars.   But this does not mean that it is bound to carry its passengers and deliver them safely at their destinations. In the case of *Johnson v. Seattle Elec. Co.*, 35 Wash. 382, 77 Pac. 677, which was very much like this case, the negligence alleged being the same, the court instructed the jury as follows:

"Now, in arriving at a solution of the question whether the plaintiff was injured through the negligence of the defendant corporation, you must consider what was the duty of the corporation in that regard at the time, under the circumstances.   A corporation engaged in the transportation of passengers is held by the law to the exercise of the highest degree of care in the equipment of its road and the manner of operation of its road.   A transportation company is not an insurer of the lives or limbs of its passengers, but the law calls upon it to do whatever can be done to insure their protection while they are being transported."

This instruction was held erroneous, and the case was reversed on account of it, the court saying:

"This instruction is complained of, we think justly. While the jury are told that a common carrier is not an insurer of the lives and limbs of its passengers, yet they are told that it is liable if it has not done everything that could have been done to insure their safety. The rule is not so onerous as this. There are many things that a carrier could do which would conduce to the safety of its passengers, but which it is not required to do, simply because the practical prosecution of the business will not permit of it."

Under this rule, the instruction complained of in the present case is clearly erroneous, in that the defendant was not liable for the slightest negligence; neither was it the duty of the defendant to deliver the plaintiff safely at his destination. These things should not have been included in the instructions.

Counsel for the respondent contend that the error was cured by reason of the fact that the court told the jury later on in the same paragraph:

"If you believe from a fair preponderance of the evidence, as the court will hereafter define the same, that while the car was stopped, plaintiff, in the exercise of due care and diligence on his part, was in the act of alighting from said car, and that the defendant, by its conductor, knowing the same, or by the exercise of extraordinary care and diligence on the part of such conductor could have known it, started the car while the plaintiff was so getting off, not having had a reasonable time so to do, and thereby injured the plaintiff, then your verdict should be for the plaintiff."

This part of the instruction is undoubtedly correct. But the jury might have believed that the conductor did not know that the plaintiff was alighting from the car, and with the highest degree of care could not have known he was in the act of alighting at the time he actually did alight, and that, by reason of the fact that it was the duty of the defendant to carry the plaintiff safely to his destination, returned a verdict in favor of the plaintiff. The evidence on the part of the plaintiff tended to show that the conductor was in the front part of the crowded car when the plaintiff attempted

to alight from the car.  If the jury believed this was the fact, and that the conductor, exercising the highest degree of care, did not know the plaintiff was in the act of alighting, then the jury could have based their finding entirely upon the instruction that it was the duty of the defendant to deliver the plaintiff safely at his destination.  We are satisfied that this instruction was erroneous in the particulars pointed out, and should not have been given.

The judgment, for this reason, is reversed, and the cause remanded for a new trial.

MORRIS, C. J., MAIN, HOLCOMB, and CHADWICK, JJ., concur.