[No. 19746.    Department Two.    August 2, 1926.]

AMELIA HUBBARD, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] STREET RAILROADS (33)—ACTION FOR INJURY TO PASSENGER—IN-
STRUCTIONS—MANAGEMENT OF CAR.  In an action for personal in-
juries sustained by a passenger in a street car, thrown to the
floor by a violent acceleration of the speed, an instruction is
not objectionable as making the city an insurer of the safety of
passengers, where it merely told the jury that the city would
be liable if it intrusted its duty to carry the plaintiff safely and
properly to its servants and if they, in performance of this
duty, acted wrongfully or negligently.

Appeal from a judgment of the superior court for King county, Jones, J., entered July 20, 1925, upon a verdict of the jury rendered in favor of the plaintiff, in an action for personal injuries.    Affirmed.

*Thomas J. L. Kennedy,* and *Arthur Schramm,* for appellant.

*Furber & Furber,* for respondent.

PARKER, J.—The plaintiff, Mrs. Hubbard, commenced this action in the superior court for King county, seeking recovery of damages for personal injuries which she claims to have suffered while a passenger on one of the city's street cars, resulting from the negligent operation of the car.  A trial upon the merits in that court resulted in verdict and judgment awarding recovery to Mrs. Hubbard, from which the city has appealed to this court.

Mrs. Hubbard was injured, as it is claimed, and as the jury evidently believed, by being thrown violently upon the floor of the car by a violent and sudden acceleration of its speed immediately after it had started,

¹Reported in 248 Pac. 382.

while she was walking along the aisle to a seat immediately after she had boarded the car. Contention is made in behalf of the city that the evidence does not support the verdict and judgment, in that the evidence does not support the conclusion that there was a sudden accelerating of the speed of the car as the cause of her falling to the floor and receiving the injuries of which she complains. A reading of the entire evidence convinces us that it supports the verdict and judgment. There is no contention here made touching the nature or extent of the injuries received by Mrs. Hubbard.

[1] The trial court gave to the jury, among other instructions, the following:

"You are instructed that the defendant's obligation to the plaintiff, as a passenger, was to carry her safely and properly; and if the defendant the city of Seattle intrusted this duty to its motorman or other servants, and if you find from the evidence that such servants in performing their duties acted wrongfully or negligently, whereby plaintiff was injured, then I charge you that the city is responsible for said acts."

It is contended that this was error to the prejudice of the city, in that the instruction, in effect, gave the jury to understand that the city, in the operation of its street car, was an insurer of the safety of Mrs. Hubbard as one of its passengers. We cannot agree with this contention, especially in the light of another instruction given by the court telling the jury that "the city is not an insurer of the safety of its passengers and cannot be held liable for injuries sustained by passengers, unless the same were proximately caused by some negligent act on the part of the city or its agents or employees."

Counsel rely particularly upon the two former decisions of this court in *Johnson v. Seattle Electric Co.,*

35 Wash. 382, 77 Pac. 677, and *Weksi v. Puget Sound Tr., L. & P. Co.*, 86 Wash. 404, 150 Pac. 443. In the *Johnson* case, the vice of the instruction held to be erroneous was in these words:

" 'A transportation company is not an insurer of the lives or limbs of its passengers, but the law calls upon it to do whatever can be done to insure their protection while they are being transported.' "

Commenting upon this language, the court said:

"The rule is not so onerous as this. There are many things that a carrier could do which would conduce to the safety of its passengers, but which it is not required to do, simply because the practical prosecution of the business will not permit it."

In the *Weksi* case, *supra*, the language of the instruction, complained of and held to be erroneous, was unqualifiedly in substance that the defendant would be liable for the slightest negligence, and that it was the duty of the defendant to deliver the plaintiff safely at his destination. These instructions were given without any substantial qualification. We think these two decisions are not controlling in our present inquiry. The instructions here in question, we think, did not have the effect of giving the jury to understand that the city was an insurer of Mrs. Hubbard's safety while a passenger upon its car.

Some other claims of error are made in behalf of the city. We have examined them and believe them to be without substantial merit.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and ASKREN, JJ., concur.