[No. 20154. Department Two. December 20, 1926.]

PETER JOHNSTON *et al., Respondents,* v. BRUCE ELMORÉ
*et al., Appellants.*[1]

[1] TRIAL (55-1)—TAKING CASE FROM JURY—CREDIBILITY OF WITNESS.
Upon a direct conflict in the evidence of the parties as to how
an accident happened, the verdict of the jury, sustained by one
version, cannot be set aside.

[2] MUNICIPAL CORPORATIONS (384, 392)—INJURY ON STREET CROSSING
—LAST CLEAR CHANCE—INSTRUCTIONS. An instruction upon
the last clear chance to avoid running down the plaintiff is
warranted by defendant's evidence to the effect that he was
driving in low gear and could have stopped his car within six
feet, and yet plaintiff went about thirteen feet while in de-
fendant's plain view before she was struck.

[3] APPEAL (463)—REVIEW—HARMLESS ERROR — INSTRUCTIONS — AP-
PLICABILITY TO ISSUES. Error cannot be assigned on a general
instruction as to the plaintiff's burden of proof to establish de-
fendant's negligence in one or more of the acts of negligence
alleged, upon some of which no evidence had been offered, where
no request was made to withdraw them and the instruction was
apparently prepared by appellant.

[4] DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A ver-
dict for $2,500 is not so excessive as to indicate passion or preju-
dice, where plaintiff was knocked down and severely bruised,
her back, knee and ankle injured, requiring a further operation
on the knee, at an expense of $100 to $300, her medical expenses
already being $100, with loss of wages of over $50 weekly.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered February 19, 1924,
upon the verdict of a jury rendered in favor of the
plaintiffs in an action for personal injuries. Affirmed.

*Van Dyke & Thomas,* for appellants.
*Shank, Belt & Fairbrook,* for respondents.

ASKREN, J.—Plaintiffs recovered judgment for dam-
ages sustained by reason of injuries inflicted when

[1]Reported in 251 Pac. 558.

plaintiff Emma Johnston was struck by defendants' automobile, and defendants appeal.

[1] It is urged that there was insufficient evidence to justify the verdict. The evidence offered by respondent was, in its salient features, as follows: The respondent, Emma Johnston, seeking to cross Broadway in Seattle from the east to the west side, for the purpose of boarding a street car, went to the crosswalk at the curb. Looking north, or to her right, she saw the car which she wished to take about a block away. Looking to the south, she saw no approaching vehicle or other evidence of danger to her if she crossed the street. She proceeded a distance variously estimated at from eighteen and one-half to twenty-two feet, and had crossed the first rail of the nearest car track, when appellant's car, which had come from Olive street on the west into Broadway, struck her and knocked her to the pavement. Appellant told her that he did not see her, as he was watching the street car to see if it was going to stop.

The testimony of appellant, Bruce Elmore, was that respondent, at a point thirty feet or more from the cross-walk, darted out from behind some parked automobiles, and ran directly in his path; that he was going at about eight or ten miles an hour, in low gear, and could have stopped his car in about six feet; that respondent went about thirteen feet in plain view of appellant before the auto struck her; that it was impossible to avoid the accident. The testimony of appellants as to the point of the accident was corroborated by another witness.

These versions of the accident are, of course, absolutely contradictory, and the truth thereof must be left to a jury to determine. Their verdict, when reached, cannot be set aside as was requested of the trial court

in this action, unless there is neither evidence nor reasonable inference from evidence to sustain the verdict.

[2] It is urged that the court erred in instructing the jury upon the doctrine of last clear chance. The instruction is in the customary approved form, and it only remains to be seen whether the evidence justified an instruction on that point.

From the testimony which we have heretofore stated, it will be seen that appellant, Bruce Elmore, stated that he was driving in low gear at about eight or ten miles an hour, and that he could have stopped in six feet; that the respondent was in his plain view for about thirteen feet after she came from behind the parked cars. It is, of course, apparent that during the time respondent walked thirteen feet the auto must have traveled at least twice that distance, or twenty-six feet, for it was going between eight and ten miles an hour. The jury would be warranted, under the evidence, in believing that the automobile was some twenty-five feet away when appellant first saw respondent, and, notwithstanding any negligence on her part, could have stopped his machine within six feet, and yet failed to do so. We find no error in the giving of this instruction.

[3] It is next urged that the court erred in submitting to the jury the question of appellant's negligence in several matters alleged in the complaint, and which were not referred to in the evidence. The court nowhere in its instructions referred to any specific act of negligence, but gave the usual general instruction to the effect that the burden was upon the plaintiff to establish one or more of the acts of negligence alleged in the complaint. No instruction was requested to withdraw these matters from the consideration of the jury,

both counsel seemingly considering them out of the case, and the instruction given was apparently one prepared by appellant. Under the circumstances no prejudicial error appears.

[4] It is lastly urged that the damages were excessive. Respondent was knocked down and severely bruised. The evidence shows that since then she has had trouble with her back, knee and ankle. The accident aggravated a bladder disease with which she had been suffering for some time. Her ankle swells and gives much pain. The knee injury resulted in water formation and a dislocated cartilage, which a physician testified will not disappear until an operation, the expense of which will be from one hundred dollars to three hundred dollars. Her medical expenses thus far have been one hundred dollars. She was employed as a sales lady, selling from house to house, at an average weekly commission of fifty-five dollars to sixty dollars for some time prior to the injury. Since then she has been unable to follow that vocation, and has been unable to do anything remunerative except in a very small way, and has had to spend considerable time in bed as a result of the accident.

We cannot say that the amount allowed by the jury, two thousand five hundred dollars, is so excessive as to indicate passion or prejudice. It may be that it is ample; it may be more than the trial court would have allowed had no jury been called to decide;—but it falls far short of being so large as to be stamped with the passion or prejudice of the jury. *Sherrill v. Olympia Ice Cream Co.*, 135 Wash. 99, 237 Pac. 14.

The judgment is affirmed.

Tolman, C. J., Parker, Mackintosh, and Bridges, JJ., concur.