[No. 20477.  Department Two.  July 26, 1927.]

W. F. JURISCH, *Respondent*, v. PUGET TRANSPORTATION
COMPANY, *Defendant*, AUTOMOBILE INSURANCE
EXCHANGE, *Appellant*.[1]

[1] MUNICIPAL CORPORATIONS (380, 392)—NEGLIGENT USE OF STREET
—VIOLATION OF ORDINANCE—INSTRUCTIONS.  The negligence of
the driver of an auto bus, in striking a pedestrian on a well
lighted street intersection where pedestrians have the right of
way, is a question for the jury where the testimony is con-
flicting as to the speed of the bus, the position of the pedestrian
on the cross walk, and the unobstructed view of the driver,
indicating that he had not given proper attention to pedestrians.

[2] APPEAL (460)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.  Preju-
dice will not be inferred from a mere general statement of law
because there was no evidence on the subject, where other in-
structions directed the jury to be governed by the evidence
alone.

[3] MUNICIPAL CORPORATIONS (470)—USE OF STREETS—NEGLIGENCE—
VIOLATION OF ORDINANCE—INSTRUCTIONS.  Error cannot be as-
signed upon instructions to the effect that a city ordinance giv-
ing pedestrians the right of way on cross walks made it the
duty of bus drivers to look out for any pedestrians crossing the
street and to not run into them, failure to do which would be
negligence, in that it made them insurers; and that a pedestrian
had the right to presume that operators will not run into him
on cross walks so long as he proceeds in the ordinary way,
where such instructions were qualified by others to the effect
that the term "right of way" does not mean an exclusive right,
but is relative, to be used so as not to negligently injure one-
self, and properly instructing the jury on the subject of con-
tributory negligence, and the duty of an ordinarily prudent
man.

[4] NEGLIGENCE (44)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF
—INSTRUCTIONS.  Contributory negligence being an affirmative
defense, it is proper to refuse an instruction to the effect that
plaintiff must establish that he did not contribute to his injury
by any wrongful act.

Appeal from a judgment of the superior court for
Pierce county, Teats, J., entered September 15, 1926,

[1]Reported in 258 Pac. 39.

upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Affirmed.

*F. A. Latcham* and *Van Dyke & Thomas,* for appellant.

*J. Charles Dennis,* for respondent.

HOLCOMB, J.—The insurance company only has appealed from the judgment in favor of respondent, awarding him $5,000 against the other defendant, proceeded against as liable in tort for injuries from an automobile accident, and $2,500 awarded against the insurance company on its bond.

The other defendant in the case is, and was at the time of the accident, a transportation company operating motor busses in the city of Tacoma, transporting passengers for hire upon the streets of that city. Appellant was its surety company.

The accident in controversy herein occurred on September 5, 1925, at the intersection of North 26th and North Proctor streets in Tacoma, where there is located a small community business center. Both streets are forty-eight feet wide from curb to curb and have a double track street car line running upon the same, the tracks making a turn from North Proctor street easterly into North 26th street at the intersection. The streets and the intersection thereof were well lighted. There had been some rain during that evening, and there is some evidence that it was raining at the time of the accident, but there is other evidence that there was only a light mist at the time. The bus in question measured twenty-four feet in length, had an automatic rain-swipe which was in good order, and was fully equipped with two head lights. The driver said he could see ahead a distance of ninety to one hundred feet.

Respondent was a policeman, six feet in height, dressed in the regulation uniform. On the night in question, he had proceeded from about in front of a candy store, on the south side of North 26th street, to the corner of North 26th and North Proctor streets, turning to the right, or toward the east, to cross Proctor street, for the purpose of getting his overcoat which he had left in a hardware store on the opposite corner. On reaching North Proctor street, he concluded it was not raining enough to need an overcoat and decided to walk down the opposite side of North Proctor street to take a look at a restaurant which had been robbed once or twice. Before entering upon the cross walk, he looked to his left to see if any automobiles or street cars were approaching from that direction. There was none in sight except the bus of the transportation company, which was standing on the other side of Proctor street, forty feet from the northwest corner and a distance of eighty-eight feet from the cross walk. Respondent started to cross the street, keeping at all times on the designated cross walk, which had lines painted thereon to mark it, and reached the middle of the inbound, or first, street car track. This car track is about twenty-two feet from the sidewalk, and is the place where people ordinarily look to the right to see if there is any north-bound traffic. Respondent looked to his right to see if any cars were approaching on North 26th street toward the intersection of that street with North Proctor. At that moment, the bus of the transportation company struck him with the left fender, knocked him to the pavement, and permanently injured him.

Both the defendants joined in answering the complaint of the plaintiff, denied certain allegations, and alleged contributory negligence.

At the close of respondent's case, and at the close

of the whole case, motions were unsuccessfully made by appellant and its co-defendant for a directed verdict in favor of defendants.

After the verdict of the jury in favor of respondent, motions for a new trial and for judgment n. o. v. were made by both defendants, which were denied.

The comparatively short statement of facts has been completely read.

[1] In addition to what has previously been said as to what the evidence showed, there was also evidence on behalf of respondent that there were only two automobiles parked on the side of the street from which respondent started to cross North Proctor street, the nearest of which was about sixty-two feet from the property line or sixty-seven feet from the cross walk. There were no cars parked nearer than that, on account of a "No Parking" sign. There was evidence to show that, by reason of the well lighted condition of the streets and the intersection and the absence of traffic, there was nothing to obstruct the view of the operator of the bus of pedestrians upon the cross walk. There was also evidence to show that the track of the bus was well defined after it left the place where it had stopped for a passenger, forty feet north of the northwest corner of the street intersection and eighty-eight feet from the cross walk, showing the left wheels of the bus inside the outside rail of the inbound or right-hand street car track, and the outer wheels outside of the outer rail. The evidence also showed that the respondent was struck when about the middle of the inbound or outer street car track, and knew nothing thereafter. His body was picked up lying almost parallel and within a foot or two of the inside or south mark of the cross walk, his head lying to the north and his shoulders almost upon the inner rail of the outer or inbound street car track, and his feet extending

south and slightly beyond the outer rail of that track. The bus having struck him with its left fender, as the driver admitted and as witnesses testified, came to a stop in a little more than its length and with the rear end a few feet from the body of respondent and a little to the right. The driver of the bus, a witness for appellant, stated on cross-examination that the only thing that prevented him from seeing respondent was the fact that he had on a policeman's uniform. The driver testified that respondent, at a point forty feet from the cross-walk, darted out from behind a parked automobile and ran directly into his path; that he was going about ten miles an hour in intermediate gear and stopped his car in twenty-four feet; that respondent was about six feet in front of the bus when he first saw him; that it was impossible to avoid the accident. On cross-examination, the driver admitted that, on the night in question, he made a report to the police that he struck the respondent twenty-five feet from the cross walk instead of forty.

It will be seen that the evidence is conflicting as to where respondent was struck, that for respondent indicating that he must have been struck on the cross walk, as the impact and momentum must have driven him somewhat to the south of the cross walk and his body was found very near and parallel with the cross walk. If there was nothing to obstruct the view of the operator of the bus, as testified by witnesses, certainly the driver was not giving due care or attention to pedestrians who had the right of way to use the cross walk.

Since these versions were contradictory, the truth thereof must be left to the jury to determine. Nor were the jury bound to believe the evidence of the driver of the bus, who was an interested witness, in any respect, except as corroborated by other credible evidence.

Hence, the evidence of the driver that he was driving in intermediate gear at the time of the accident, that he was driving not to exceed ten miles an hour, and that respondent emerged from behind a parked automobile and ran in the path of his bus, could be rejected by the jury, if they saw fit.

Consequently, there was evidence of negligence on the part of the defendant, even though conflicting, to go to the jury, and the motions of defendants for a directed verdict and for nonsuit and for judgment n. o. v. were properly denied. *Johnston v. Elmore,* 141 Wash. 293, 251 Pac. 558.

[2] An assignment of error is based upon an instruction given by the court defining the rules of the road as to highways within cities and towns as prescribed by the laws of the state of Washington and the ordinances of cities and towns, a paragraph of which was as follows:

"You are instructed that automobile or bus drivers passing along the street are required to use the right hand side of the street and especially so where there are other automobiles or persons rightfully using the street either along its general route or at intersections."

It is asserted that, by this instruction, the court injected a new element of negligence into the case against the bus company, because there was no allegation in the complaint that the bus driver drove on the wrong or left hand side of the street nor any testimony to that effect; that, by giving this instruction, the jury would naturally infer that this question was involved in the case, and at any rate it would be confusing to the minds of the jurors and especially prejudicial to appellant.

It is true, there was no allegation nor evidence that the bus driver drove along the wrong, or left hand, side

of the street at the place in question. But this was a mere general statement of the law, and there were other instructions directing the jury to be governed by the evidence alone in determining the case. Since there was no evidence on this subject, we may not infer that the instruction was necessarily prejudicial. It was simply superfluous.

[3]   Complaint is also made of an instruction reading as follows:

"The city ordinance of the city of Tacoma provides as follows: Vehicles shall have the right of way between street intersections, pedestrians at cross walks and designated cross walks. This ordinance places upon the operator of an automobile when approaching a cross walk or a designated cross walk to continuously look at said cross walk to avoid running into or upon any pedestrian crossing said street at said cross walk, and to so operate his car as not to run into or upon said pedestrian. Failure to do this is negligence on the part of the defendant for which the defendant is liable."

It is argued that this instruction takes from the defendant the defense that the driver was not negligent, the defense of contributory negligence, and makes appellant the insurer of other users of the highway. *Horney v. Giering,* 132 Wash. 555, 231 Pac. 958, is cited and relied upon to sustain this argument.

In the cited case, we had an ordinance of Seattle before us which, among other things, provided in effect that no person shall drive or operate any vehicle so as to collide with or strike against any person. We said:

"The appellant's automobile did strike against the respondent. It is the settled law in this state that a thing done in violation of a positive law is of itself negligence. Under the provisions of the ordinance referred to and the rule of law stated, the appellant, when his automobile struck the respondent, was guilty of negligence, no matter how careful the driver of the

car may have been at the time. If that provision of the ordinance is sustained, it would take from the appellant the defense that his driver was not negligent and would leave in the case only the question as to whether the respondent was guilty of contributory negligence. The provision of the ordinance, if given effect, would make the operator of an automobile an insurer of the safety of pedestrians upon the street, aside from the question of contributory negligence. It would also place the careful driver as well as the negligent one upon an equal footing. That provision of the ordinance fixes no standard by which negligence of the operator of the car can be determined. It arbitrarily says, when read in connection with the rule of law above referred to, that when a vehicle strikes against a person, the owner or operator of the vehicle is guilty of negligence. Such a provision in an ordinance we think is unreasonable and oppressive and therefore void.''

But no such ordinance was pleaded or proven in this case, and the instruction of the court did not include any such statement as to the law as was involved in the foregoing decision. Besides, this instruction did not stand alone, there being other instructions given by the trial court which qualified and elucidated the respective rights and duties of drivers and pedestrians at street intersections.

The next instruction, which is also assailed by appellant, reads:

''A pedestrian under the ordinance of the city of Tacoma has the right of way at a cross walk or a designated cross walk. A pedestrian who has entered upon a cross walk has the right to presume that as long as he proceeds in the ordinary way over and upon said cross walk, that the operator of any automobile will obey provisions of the above named ordinance and will so operate his car as not to run into him, and if the operator of the motor bus fails to so operate his car, then in that event he is negligent and for his negligence plaintiff is entitled to recover . . . .''

Appellant asserts that this instruction is subject to the same objection as the preceding one, because it relieves the pedestrian from the rule that he must use such care and caution as ordinarily a careful and prudent person would use under similar circumstances or conditions.

But this instruction also is qualified by other instructions given by the court, most of them at the request of appellant. One (No. 9) as to the rules of law governing pedestrians and drivers of automobiles on the part of the streets maintained for vehicular traffic, and to the effect that the term "right of way" is not an exclusive right, but is at all times a relative right, to be so used as not to negligently injure one's self or another, and that all persons using the streets, both pedestrians and drivers, are presumed to know these rules of the public streets and are required to observe and comply with them, and are entitled to presume that other travelers thereon will likewise observe and comply with these rules and may lawfully act upon that presumption and govern their movements in accordance therewith, until they know, or, by the exercise of such lookout and caution as an ordinarily careful and prudent person under the same circumstances would usually exercise, would thereby ascertain that another traveler is not using such street in compliance with such rules, in which case it would be their duty, in the light of such knowledge or information actually or constructively acquired or ascertained, to exercise such care, prudence and caution as an ordinarily prudent, careful and cautious person would, and usually does, exercise under like circumstances for their own safety and the safety of the other person.

Another instruction along the same line (No. 10) was to the effect that, while the law gives pedestrians

the right of way at cross walks, it does not give them the exclusive right, as every person must use that care and caution in using this right to protect himself from danger; and that, if respondent was upon the cross walk at the time of the accident alleged in his complaint and did not use ordinary care in crossing the street, he would be guilty of negligence and could not recover.

Another instruction requested and given (No. 12) was to the effect that a person walking in a public street and intending to cross the street was required to make reasonable use of all his senses to observe danger, if any, and if he failed to do so and is injured by reason of such failure, he is guilty of negligence and could not recover.

The court also gave another instruction requested by appellant (No. 13) to the effect that the law imposed a duty upon all persons to exercise ordinary care to avoid the consequences of another's negligence, but that duty does not arise until the danger is impending or the circumstances are such that an ordinarily prudent man would have reason to apprehend its existence. The court then applied that rule under such situation, as appellant requested, to the facts and circumstances considered as shown in this case.

We believe that the instructions above given, requested by appellant and its co-defendant, including those given by the court which are attacked, correctly state the law applying to the case.

The burden was not upon respondent, when starting across a well lighted street at a well defined cross walk, seeing a motor bus across the street at the intersection, eighty-eight feet away, to thereafter continuously look up and down the street to avoid being run over by the motor bus, which was at a safe distance away when he started across the street, on pain of

being charged, as a matter of law, with contributory negligence. *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649. In the last cited case we said:

"If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings."

See, also, *Adair v. McNeil,* 95 Wash. 160, 163 Pac. 393; *Swanson v. Pacific Northwest Traction Co.,* 121 Wash. 96, 208 Pac. 10; *Riddel v. Lyon,* 124 Wash. 146, 213 Pac. 487, 37 A. L. R. 486.

We are convinced that the instructions to which appellant was entitled were given, and those not given were properly refused.

[4] One other requested instruction, which was refused, may deserve some further attention. This is instruction No. 18, which reads:

"The jury are instructed that the plaintiff cannot recover in this case against the defendants, unless you find that the plaintiff has a preponderance of the evidence supporting the following propositions:

"1. That the defendant was guilty of negligence in the manner charged in the plaintiff's complaint.

"2. That such negligence was the proximate and direct cause of the injury to plaintiff, if any; and that the plaintiff did not contribute to such negligence by any wrongful act on his part.

"And if you find from the evidence that the plaintiff has failed to sustain both of these propositions as stated, or that he has failed to sustain either one of them, by a fair preponderance of the evidence, then plaintiff cannot recover against the defendant, and your verdict in that event should be for the defendants."

It is manifest that the second paragraph of the foregoing instruction does not state the law, because it

puts upon the plaintiff the burden of proving that he did not contribute by any negligence on his part; and the concluding paragraph is erroneous because it states that, if plaintiff failed to sustain both of the foregoing conditions by a preponderance of the evidence, he could not recover.

In this state, it is well settled that the burden of proving negligence is on the party alleging the negligence. Respondent was required to prove the negligence of the bus company. On the other hand, contributory negligence on the part of plaintiff was affirmatively alleged by the defense in the case, and the burden of proving such contributory negligence, by preponderating evidence, is always upon the defendant. *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79; *Norman v. Bellingham,* 46 Wash. 205, 89 Pac. 559.

The foregoing instruction was therefore properly refused.

We find no error in the record, and the judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, MAIN, and ASKREN, JJ., concur.