[No. 20705.  Department Two.  December 8, 1927.]

CHARLES CROWE *et al., Respondents,* v. WILLIAM
O'ROURKE *et al., Appellants.*[1]

[1] HIGHWAYS (53)—COLLISION OF MOTOR VEHICLES—MEETING AND
PASSING—NEGLIGENCE.  Where appellant collided with another
car which was traveling at moderate speed upon its own side
of the road, the burden is upon appellant to explain how it
happened without his negligence; and such burden is not
sustained where it appears that, in order to pass a bus traveling
ahead of him, he drove to the left side of the road in a great
cloud of dust, without having a clear view ahead for a distance
of two hundred yards.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered November 24,
1926, upon the verdict of a jury rendered in favor of
the plaintiffs, in an action for personal injuries sus-
tained in an automobile collision.  Affirmed.

*Sharpstein & Smith,* for appellants.

*R. M. Sturdevant* and *W. G. Coleman,* for respond-
ents.

HOLCOMB, J.—On May 22, 1926, the automobiles of
the parties hereto, while being driven in opposite direc-
tions, about ten miles north of Dayton, collided.  The
roadway on which the collision occurred was a macad-
amized state highway, at that place about twenty-four
feet wide, eighteen feet of which was newly graveled,
the balance graded and "shouldered up" to the level
of the macadam, but constructed merely of dirt, with a
gutter or ditch on each side of the roadway about a
foot and a half or two feet deep.

As grounds of negligence, respondents allege that
appellant, the husband (who will henceforth be spoken

[1]Reported in 262 Pac. 136.

of as if the only appellant), while traveling in an opposite direction to that traveled by respondents, had fallen behind an automobile stage driving in the same direction as appellant, and attempted to pass the stage in a cloud of dust in a careless and negligent manner and without having a clear view of the highway ahead a distance of two hundred yards; and that appellant, without exercising care and caution, carelessly and negligently drove his automobile onto respondents' right side of the highway and onto the respondents' right of way, with great force and speed, into the automobile in which the respondents were riding and which they were operating.

For answer, appellants denied that their own automobile was operated in a careless manner, admitted the injuries to respondents, and affirmatively alleged that respondents were guilty of contributory negligence in that, having no clear vision ahead, when the great cloud of dust was blown across the road in front of them by the stage, drove their car into the dust, when they had no vision as to what there was or might be ahead of them, at a high rate of speed on a line to the left of the center of the road, and that, by reason of such unlawful and negligent driving, their car collided with that of appellants without any fault on the part of appellant. The affirmative answer was denied by reply.

Both parties alleged substantial damages to their cars, and respondents alleged damages for personal injuries to both of them, demanding the total sum of $26,110. While there is considerable conflict in the evidence given at the trial, that introduced by respondents, upon which a verdict was rendered by the jury in respondents' favor for the sum of only $758.20, shows the following facts:

The Inland Empire Highway north of Dayton is an arterial highway, had been repaired and finished, and was a standard highway. At that season of the year, it was dusty, especially when the wind blew. In places where the surface was somewhat newly laid, passing vehicles would raise the dust and cause a cloud of it. Appellant was driving north toward Moscow, and the respondents were driving south toward Dayton. There was a stage traveling north just ahead of the car driven by appellant, and there was no car ahead of the stage, it thus having a clear road ahead, and was, at the time of the collision, traveling down grade. Respondents were driving and operating a new Dodge sedan, which had been driven but about two hundred and twenty miles, and respondents had never driven it to exceed twenty-five miles an hour. On this trip, just prior to the collision, they were driving it not to exceed twenty miles per hour. The father and mother of respondents were driving just ahead of them in another Dodge sedan, and they also were traveling at the rate of twenty miles an hour. The evidence of respondents and their parents is that appellant was driving very close to the stage and, at one time, was seen attempting to pass the stage just before the cloud of dust blew across the road in front of respondents. Seeing the approach of the first car, that of parents of respondents, he dropped back behind the stage, and respondents' parents proceeded and passed both the stage and appellant at almost the same time. The stage raised considerable dust and the wind blew it across the road to the respondents' side of the road. After the car of the parents had passed, appellant again attempted to pass the stage at a time when a great cloud of dust was blowing across the road in front of respondents. Respondents' car was, at all times, driven very close to their right side of the road, and

at the time of the collision, in order to give the stage plenty of room, was being driven about one and one-half or two feet from the ditch or gutter on their right side of the road. Its right wheels were traveling off the gravel.

Immediately after the accident, appellant stated to a witness, who testified thereto at the trial, that the cause of the accident was "Three of us trying to pass on the highway." All the witnesses for respondents said that the car of appellant, at the time and place of the collision, was over on his left side of the highway, on the right side as to respondents, where the cars locked together and came to rest. It will thus be seen that the car of respondents was at all times on its own proper side of the highway; in fact, was farther to the right, being off the gravel, than it was required to be.

[1] Respondents being where they had a right to be, and traveling at a very moderate rate of speed when they were struck on their own right of way, the burden is upon the one who struck them, if he would be excused of negligence, to explain how it happened, This, appellant and some of his witnesses attempted to do; but the jury disbelieved them and believed the testimony of respondents and their witnesses.

Under the situation presented, appellants contend, first, that the evidence fails to show any negligence on the part of the husband, the driver of their auto; second, that negligence on the part of the respondent husband, driver of their car, so clearly appears that reasonable minds cannot differ in regard thereto.

It is argued that the fact that the jury rendered a verdict for so small an amount, considering the very severe injuries shown to have been suffered by respondent, the wife, with some injuries to respondent, the husband, and injuries to their car which were

proven to have caused damage amounting to about eight hundred dollars, proves that the jury were of the same belief. That, while inexplicable to our minds, is a thing which must, if anything, be left to the jury. It is insisted by appellants that their motion for judgment n. o. v. should have been granted by the trial court and should be ordered by this court.

Appellants cite and rely on a Louisiana case, *Castille v. Richards,* 157 La. 274, 102 South. 398, quoting therefrom as follows:

"Therefore both cars when they entered the dust cloud were correctly placed on the road.

"The district judge held that both parties were at fault in driving their automobiles in an impenetrable cloud of dust. We think he was correct in this. The dust was so thick that the occupants of the cars could not see 10 feet ahead of them. . . . In these circumstances it was inexcusable negligence for the drivers of the automobiles not to have come to a full stop until the dust had subsided."

But in the instant case, the situation was not the same. In the *Castille* case the cloud of dust was created by a car which passed the car of defendant, not a car preceding defendant which the latter was attempting to pass. In the instant case, the car of respondents was correctly placed on the road and traveling in a lawful manner in every respect. Being so placed, it had a right to assume that no one would project his car into the cloud of dust and upon their side of the road, and strike them.

Appellants next cite and quote from *Thompson v. Bellingham,* 112 Wash. 583, 192 Pac. 952, 19 A. L. R. 864. In that case, a case was cited with approval which involved a cloud of dust—*Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207,—as a case in support of the ruling in the *Thompson* case. The *Thompson* case was one where the driver of the automobile, who suf-

fered the injuries by driving off of a bridge belonging to the city, drove voluntarily into a fog bank, and thereby assumed the risk for whatever he encountered, he being shown to be familiar with the locality and knowing that he could have avoided the street on which the bridge was situated by going around and taking a safer way. The *Johnson* case cited also had a distinguishing feature, in that the defendant sued, when the cars became enveloped in a cloud of dust, stopped his power, threw on his brakes, brought his car to a stop, and thus did all in his power to avoid an accident.

These cases are also cited by the appellant to the point that the statute requiring turning to the right when meeting on the highway applies only when vehicles are meeting and does not require a driver to keep to the right of the center of the road at all times: *Walker v. Lee,* 115 S. C. 495, 106 S. E. 682; *Sims v. Eleazer,* 116 S. C. 41, 106 S. E. 854. We can see no application of these cases to the case in hand.

The evidence on behalf of respondents having been accepted as true by the jury, that they were upon their proper side of the highway, and in order to strike them appellant was obliged to turn from his proper side of the highway and into a cloud of dust, so that he did not have a clear vision ahead for two hundred yards, as required by our law, the negligence of appellant was thus the proximate cause of the accident. There was ample evidence to go to the jury on the question of negligence and contributory negligence of the parties.

We have held that a higher degree of care is required of one who takes to the wrong side of the highway (*Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876); and that the driver of a vehicle, if traveling within the speed limit and on the righthand side of the highway, may proceed on his course without being

guilty of a charge of negligence as a matter of law (*Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785); that the party driving into varying lifting and falling fog banks is not required to stop until the fog disperses in order to be held negligent as a matter of law (*Devoto v. United Auto Transportation Co.,* 128 Wash. 604, 223 Pac. 1050); that, under such circumstances, the questions of negligence and contributory negligence, where the evidence is conflicting, is always a question for the jury, has been held in so many cases that it is unnecessary to cite them. A few of them are: *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 162 Pac. 9; *Johnston v. Elmore,* 141 Wash. 293, 251 Pac. 558; *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157; *Quitslund v. Barton & Co.,* 143 Wash. 444, 255 Pac. 666; *Machenheimer v. Falknor,* 144 Wash. 27, 255 Pac. 1031; *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39.

No exceptions were taken to any instruction given by the court, no motion for a new trial was made, the verdict rendered by the jury was remarkably moderate in amount, and the trial of the case was singularly free from error.

The judgment is affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and MAIN, JJ., concur.