[No. 28397. Department One. October 23, 1941.]

JAMES BERNARD et al., Respondents, v. PORTLAND SEATTLE AUTO FREIGHT, INC., Appellant.[1]

[1]Reported in 118 P. (2d) 167.

*Bruce Bartley,* for appellant.

*John T. McCutcheon* and *DeWitt C. Rowland,* for respondents.

MILLARD, J.—Plaintiffs, a marital community, brought this action to recover for personal injuries alleged to have been sustained by them, while riding as guests in a Packard automobile which collided on Pacific avenue, an arterial highway in the city of Tacoma, with a truck owned and operated by defendant, a domestic corporation. By answer, defendant denied negligence on its part, pleaded affirmatively in bar of the action contributory negligence of plaintiffs, and by cross-complaint sought recovery against the plaintiffs for damage to its truck.

The cause was tried to the court, which found that the proximate causes of the collision were the negligent acts of defendant, in operating its truck west of

both the geographical center and the usually traveled portion of the northbound traffic of Pacific avenue, and in commencing to turn into south Nineteenth street at a point more than sixty feet south of the south curb line of Nineteenth street and directly into the path of the automobile in which plaintiffs were riding. From judgment entered in favor of plaintiffs, motions for judgment notwithstanding the court's decision and for new trial having been overruled, defendant appealed.

Counsel for appellant contends that the judgment should be reversed on the ground of absence of a showing of fundamental negligence on the part of appellant which contributed to the accident. As an additional basis for reversal of the judgment, counsel for appellant argues that the evidence establishes negligence on the part of respondents directly contributing to and causing their injuries.

As usual, the evidence is conflicting. We have consistently held that in a case tried to the court its findings are entitled to great weight, and, when the evidence is conflicting, will be accepted as correct unless the evidence preponderates against the findings.

The trial court found that the accident was caused by appellant's operator driving appellant's truck on to the wrong side of an arterial street and commencing its turn before reaching the intersection, and that the respondents as guests were not guilty of contributory negligence.

We are convinced by our examination of the record that there was substantial evidence to support the findings of fact and conclusions of the trial court, and that the preponderance of the evidence was not clearly against the findings and justified the court's conclusions.

The course of Pacific avenue is northerly and south-

erly. Nineteenth street, which intersects but does not cross Pacific avenue, runs from the avenue westerly. North of Seventeenth street and south of Twenty-first street, which is south of the scene of the accident, Pacific avenue is sixty-eight feet wide and northbound and southbound street car tracks are in the center of Pacific avenue. Between Seventeenth and Twenty-first streets is a four-block (fifteen hundred feet) portion of Pacific avenue which has been widened by an additional twenty-seven feet on the east side of Pacific avenue, which gives the avenue for a distance of fifteen hundred feet a total width of ninety-five feet. The course of the street car tracks is straight; hence, for a distance of four blocks or fifteen hundred feet between Seventeenth and Twenty-first streets, the street car tracks are not in the center of Pacific avenue. The middle point of the tracks—there are two sets of street car tracks, the north and south bound—does not, it is apparent, mark the geographical center of Pacific avenue between Seventeenth and Twenty-first streets. There was no painted yellow stripe to mark the center of the avenue. The geographical center of Pacific avenue, within the above-described portion of fifteen hundred feet, is a few feet east of the east rail of the northbound track. As to the width of sixty-eight feet, prior to widening of Pacific avenue, both rails of the southbound street car tracks, which are west of the northbound street car tracks, are west of the center of that width of sixty-eight feet.

About eleven p. m.,—the night was dry and clear—August 30, 1940, appellant was operating its truck, weighing fifty-eight hundred pounds, and trailer, weighing sixty-two hundred pounds, which were loaded with merchandise weighing in excess of fifteen thousand pounds, in a northerly direction on Pacific avenue in Tacoma south of the intersection of Nineteenth street

with Pacific avenue, at a speed of approximately twenty-five miles an hour. It was the intention of appellant's operator to turn to the left and drive up Nineteenth street.

At this time a 1936 Packard eight coupe, operated by Virgil Jones at the rate of about twenty-five miles an hour, was proceeding in a southerly direction on its own right-hand side of Pacific avenue. Respondents were guests of the operator and his wife. All were sitting in the one front seat of the coupe. Mr. Jones was driving, his wife sat next to him, James Bernard sat next to Mrs. Jones, and Mrs. Bernard sat on the lap of her husband.

When Mr. Jones' Packard was on its own right-hand side of Pacific avenue (west of the west rail of the southbound street car tracks) and south of the south curb line of Nineteenth street, appellant's truck, which was proceeding in the opposite or northward direction about twenty-five miles an hour along or on the west rail of the southbound street car tracks, without any slackening of speed or any warning, commenced to make a left turn in the general direction of Nineteenth street directly in front of the Packard coupe in which respondents were riding. Respondents did not observe the truck until they noticed its lights turned at a slant from their left ten or twelve feet distant. The truck and coupe were then approaching each other at a combined speed of not less than forty-four hundred feet a minute or seventy-three or more feet a second. The right front part of the truck collided with the left front portion of the Packard.

The collision occurred sixty feet south of the south curb line of Nineteenth street, at which time there was no vehicle, pedestrian, or object on the right side (west side of Pacific avenue) of the Packard coupe as it crossed the intersection of Pacific avenue with Nine-

teenth street, or as it approached the point of impact, of which Jones needed to take notice as he operated his Packard coupe. Jones swerved the coupe slightly to the right. The right front of the truck struck the left or left front of the coupe, the truck continuing on its way until it came to rest at the southwest corner of the intersection of Nineteenth street with Pacific avenue. Virgil Jones, the operator of the coupe, was killed. Only the respondents, who were the guests of Mr. Jones, are involved in this action.

■ We have consistently held that, where a motor vehicle collides with another vehicle which is upon its own side of the road, the burden is upon the one on the left or wrong side of the road to explain how it happened without his negligence. *Crow v. O'Rourke,* 146 Wash. 74, 262 Pac. 136; *Thomas v. Adams,* 174 Wash. 118, 24 P. (2d) 432; *Lauber v. Lyon,* 188 Wash. 644, 63 P. (2d) 389.

The only explanation offered is that appellant's truck was not on the left or wrong side of Pacific avenue at the time of the collision with the coupe. There is, however, ample competent evidence, which the trial court believed, that appellant's truck was being operated on the wrong side—west or left of the geographical center and also west of the point fixed by appellant as the center of the highway—of Pacific avenue, and by reason of that negligence collided with the Packard coupe in which respondents were riding.

■ The operator of the coupe could not testify; his lips were sealed by death. Even if he were negligent and that negligence concurred with that of the operator of appellant's truck to produce the proximate cause of the injuries to respondents, each of the persons found to be negligent would be chargeable as if solely responsible for such cause, and the negligence of respondents' host is not imputable to respondents.

■ Counsel for appellant next contends that respondents' violation of the statute (Rem. Rev. Stat., Vol. 7A, § 6360-116 [P. C. § 2696-874]) and the Tacoma city ordinance (No. 11,701, § 118), which provide that it shall be unlawful for any person to operate a vehicle with more than three persons in the operator's seat of such vehicle, constitutes contributory negligence as a matter of law and bars recovery.

We are committed to the rule that the violation of a statute intended and designed to prevent injury to persons or property constitutes negligence *per se* and, if it contribute proximately to injury, is actionable negligence. That is to say, while it is negligence in itself to violate a positive rule of the statute, negligence on the part of an injured person is not a bar to a recovery against a person injuring him unless his negligence in some degree contributed to the injury. *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92; *Duggins v. International Motor Transit Co.,* 153 Wash. 549, 280 Pac. 50; *Chapin v. Stickel,* 173 Wash. 174, 22 P. (2d) 290. See, also, *Weikert v. Daniels,* 178 Wash. 416, 35 P. (2d) 22; *Stevens v. Streun,* 200 So. (La. App.) 182.

■ The evidence discloses that the driver and all three passengers were small people, and that the driver was not crowded by the presence of the three other persons in the seat with him. There is no showing that the presence of the three others in the front seat obstructed or impaired the efficiency of the driver in his operation of the coupe. While his view was obstructed to the right, there was no obstruction to his view forward and to the left from which direction the truck and trailer came. There was no attempt to use the brakes or clutch, and the question whether the presence of four people in the operator's seat would have interfered with such attempt is not involved.

Respondents' breach of the statute and ordinance had no causal connection with, and was not a contributing cause of, the collision; therefore, they are not barred from recovery for injuries resulting from the collision.

The judgment is affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.

[1]Reported in 118 P. (2d) 173.