[No. 34384.   Department Two.   September 4, 1958.]

PETER T. WHITE, *Appellant,* v. ROBERT D. PETERS, *Respondent.*

GEORGE A. BUSTER, *Individually and as Administrator, Appellant,* v. ROBERT D. PETERS *et al., Respondents.*[1]

[1]Reported in 329 P. (2d) 471.

*Brethorst, Fowler, Bateman, Reed & McClure* and *Wayne R. Parker*, for appellant White.

*Croson, Johnson & Wheelon* and *James F. Loveridge, Jr.*, for appellant Buster.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, Willard E. Skeel*, and *O. M. Moen*, for respondent.

WEAVER, J.—Two law suits, springing from the same automobile collision, were consolidated for trial. The first action was commenced by Peter T. White, driver of one automobile; the second by his passenger, George A. Buster, individually and as administrator of the estate of Marion R. Buster, his wife, who died as a result of the collision.

In addition to a denial of his own negligence, defendant Robert D. Peters, the driver of the other automobile, pleaded that plaintiff White was chargeable with contributory negligence because (1) he had failed to have his car

equipped "with the proper required equipment specified by the State of Washington and his drivers' license because of his artificial right leg"; and (2) he had partaken of "intoxicating liquors on the date of the accident" and had driven "his said vehicle while affected thereby."

In the Buster action, defendant Peters denied negligence and, as affirmative defenses, alleged (1) that any injuries Mr. and Mrs. Buster might have sustained were caused by the negligence of Mr. White, as outlined above; and (2) that Mr. and Mrs. Buster were chargeable with contributory negligence because they knew or should have known that Mr. White's car was not equipped with the proper hand-controlled equipment, as required by his driver's license. Neither in his original pleading nor in his trial amendment did the defendant allege that Mr. and Mrs. Buster were chargeable with contributory negligence in riding with Mr. White while he was allegedly under the influence of intoxicating liquor.

The jury returned a verdict for defendant Peters in both cases and granted him damages on his cross-complaint against plaintiff White.

Plaintiffs' (appellants') assignments of error present two issues: Did the facts justify an instruction concerning the alleged intoxication of plaintiff White? Did the trial court err when it instructed the jury concerning plaintiff White's restricted driver's license?

Since these cases must be remanded for a new trial, we set forth only those facts necessary to resolve the issues presented.

On the day of the accident, plaintiffs left their homes in the vicinity of Port Orchard and drove to Port Angeles, arriving about 11:30 a. m. At noon, they had sandwiches and coffee. Plaintiff White testified that he had one cocktail at lunch; that he and Mr. Buster went "window shopping," but returned to the lounge of the lodge hall—where Mrs. Buster was attending a meeting—where he slept until about 4:00 p. m. They then had a large banquet-style dinner and one whisky highball. Plaintiff White testified that the drink had no effect on him or his driving ability. They

left Port Angeles about 5:15 p. m. The accident occurred at approximately 6:30 p. m.

Witnesses who were with plaintiff White, just prior to his departure from Port Angeles, told of the large dinner and testified to the fact that plaintiff had only one drink; that he was sober; that he was not under the influence of liquor; that he was not affected in any way and was normal in every respect. The state patrol officer who investigated the accident testified that he arrived at the scene of the accident about 6:50 to 6:55 p. m.; that "I would say that he [plaintiff White] was sober . . . as I recall, I had no indication of his being under the influence."

▇ There is no evidence in this case that plaintiff White was affected in any way by the two drinks, and no evidence of conduct or appearance, from which a fair inference could be drawn, that he was under the influence of intoxicating liquor prior to or at the time of the accident.

▇ It is prejudicial error for the trial court to submit an issue to the jury when there is no substantial evidence concerning it. *Leavitt v. DeYoung*, 43 Wn. (2d) 701, 707, 263 P. (2d) 592 (1953), and cases cited. Hence, it was error for the trial court to give instruction No. 16, which permitted the jury to consider plaintiff White's sobriety, and to give that portion of instruction No. 17, which permitted the jury to consider whether Mr. and Mrs. Buster, as passengers in Mr. White's car, knew or should have known that Mr. White was under the influence of or affected by intoxicating liquors.

This conclusion is supported by our decisions in *Schalow v. Oakley*, 18 Wn. (2d) 347, 139 P. (2d) 296 (1943), and *Wood v. Myers*, 48 Wn. (2d) 746, 296 P. (2d) 525 (1956).

In 1941, plaintiff White had his right leg amputated below the knee; thereafter, he wore an artificial limb. In 1942, he received, without a driver's examination, a restricted automobile driver's license that required that his car be equipped with a hand throttle mounted on the steering column.

Between 1942 and the time of the accident in 1955, some of Mr. White's automobiles were so equipped and others

were not. He testified that he found it was not necessary for him to use the hand throttle; that he had no difficulty controlling his automobiles with the foot throttle; that the car driven by him at the time of the accident was not equipped with a hand throttle on the steering column, as required by his driver's license; that, when he saw defendant's car sliding toward his car just prior to the collision, he had no difficulty taking his right foot from the gas throttle.

Plaintiff White urges that it was error for the trial court to instruct (instruction No. 15) that his operation of a motor vehicle, without the equipment required by his restricted driver's license, constituted negligence as a matter of law. The instruction appropriately stated that if the jury found that this negligence was a proximate cause of the accident, their verdict must be against plaintiff White; if this negligence was not a proximate cause of the accident, it should be disregarded.

■ An *unlicensed* motor vehicle operator may recover for his injury if, in other respects, he is exercising proper care (*Weihs v. Watson*, 32 Wn. (2d) 625, 203 P. (2d) 350 (1949)), because

"The injury would have happened in the same manner it did happen had the respondent theretofore paid the license fee due the state and been in possession of the statutory license." *Switzer v. Sherwood*, 80 Wash. 19, 141 Pac. 181 (1914).

■ But such is not the instant case. Plaintiff White's noncompliance with the requirements of his restricted driver's license may or may not have been a factor contributing to the accident. Whether his noncompliance is a proximate cause of the accident is a jury question in the circumstances of this case.

"Where the statute is interpreted as intended to protect the class of persons in which the plaintiff is included [plaintiff White is included in this class], against the risk of the type of harm which has in fact occurred, the weight of authority holds that an unexcused violation is negligence in itself, and that the court must so direct the jury." Prosser on Torts (2d ed.) 161.

■ This court subscribes to the majority rule. In *Bernard v. Portland Seattle Auto Freight*, 11 Wn. (2d) 17, 23, 118 P. (2d) 167 (1941), we said:

"We are committed to the rule that the violation of a statute intended and designed to prevent injury to persons or property constitutes negligence *per se* and, if it contribute proximately to injury, is actionable negligence. That is to say, while it is negligence in itself to violate a positive rule of the statute, negligence on the part of an injured person is not a bar to a recovery against a person injuring him unless his negligence in some degree contributed to the injury. [Citing authorities.]"

*Bleiler v Wolff*, 23 Wn. (2d) 368, 161 P. (2d) 145 (1945), and *Bernard v. Portland Seattle Auto Freight, supra,* are not authority for plaintiff White's position. The cases were tried to the court that, as trier of facts, held that plaintiff's noncompliance with the requirements of his restricted driver's license in the *Bleiler* case, and a technical breach of a statute (four in the front seat) in the *Bernard* case, *supra,* were not proximate causes of the accidents.

■ We do not find instruction No. 15 erroneous.

There is merit in plaintiff Buster's contention that the trial court erred when it gave that portion of instruction No. 17, which permitted the jury to consider whether Mr. and Mrs. Buster were chargeable with contributory negligence when they rode in Mr. White's car, because they knew or should have known that he held a restricted driver's license and was operating his vehicle without compliance with the license.

■ There is evidence that Mr. Buster knew that Mr. White limped; he did not know that he had a wooden leg; he did not know that he had a restricted driver's license. We find no evidence in the record which supports an inference that the Busters should have known of Mr. White's restricted driver's license. There being a complete failure of proof on this issue, it was error to give this portion of instruction No. 17.

The judgments are reversed, and the cases remanded for a new trial.

HILL, C. J., MALLERY, DONWORTH, and ROSELLINI, JJ., concur.

---

October 23, 1958. Petition for rehearing denied.

[1]Reported in 329 P. (2d) 474.